1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8

9   PAUL C. BOLIN,                    )    Case No. C.V. F-99-5279-REC-P
                                      )
10              Petitioner,           )    DEATH PENALTY CASE
                                      )
11      vs.                           )    ORDER
                                      )    1.   RELIEVING COUNSEL,
12  JILL L. BROWN, Warden of San      )    2.   APPOINTING NEW COUNSEL,
    Quentin State Prison,             )    3.   ESTABLISHING SCHEDULE TO
13                                    )         EVALUATE EXHAUSTION, AND
                Respondent.           )    4.   SETTING   TELEPHONIC   CASE
14  _____)         MANAGEMENT CONFERENCE

15      On April 6, 2005, the Court granted the motion of Petitioner Paul

16  C. Bolin ("Bolin") to permit his appointed attorneys to withdraw as

17  counsel of record from the case and to appoint new counsel in their

18  stead.  The Court relieved co-counsel Gary B. Wells as of the date of

19  that order, but delayed the effective date of the departure of lead

20  counsel Jolie Lipsig until replacement counsel could be found.

21      On July 5, 2005, the Capital Habeas Unit of the Federal

22  Defender's Office for the Eastern District of California agreed to

23  accept appointment as co-counsel for Bolin along with private counsel,

24  Robert D. Bacon, who has been recommended by the Selection Board.  The

25  Court accepts the Capital Habeas Unit of the Federal Defender's Office

26  and Robert D. Bacon as co-counsel in this matter, with each bearing

27  equal responsibility for the prosecution of Bolin's habeas corpus

28  action herein.

    99dp5279.O.ApptngNewCounsel.Bol.wpd          1

1      Appointed counsel should familiarize themselves with the Guide

2  to Case Management and Budgeting in Capital Habeas Cases, Eastern

3  District of California, Fresno Division (hereafter the "Attorney

4  Guide"), which is published on the Court's website.   The Attorney

5  Guide  provides information about the case management procedures as

6  well as matters which govern the payment rates for appointed counsel,

7  investigators, and experts.  *See* Attorney Guide, ¶¶ 7, 9.  As no

8  reimbursement rate has been established for Mr. Bacon, setting that

9  rate should be the first order of business.  Following establishment

10  of a reimbursement rate, appropriate budget forms will be transmitted

11  to Mr. Bacon electronically.  *See* Attorney Guide, ¶10.

12      With respect to case management procedures, currently, this case

13  has reached the last stage of Phase II.  *See* Attorney Guide ¶¶ 49-56.

14  The amended petition is on file and the Warden filed an Answer on June

15  17, 2005.  The next step in the case management process is to resolve

16  any exhaustion disputes before briefing of the merits commences.

17  Under the original case management schedule for this case (before

18  Bolin's counsel requested leave to withdraw), the parties, through

19  their counsel were to meet and confer to discuss their respective

20  views on the exhaustion status of the amended petition within 30 days

21  from the filing of the answer.  Within 45 days from the filing of the

22  answer, the parties were to file a joint statement setting forth their

23  respective positions regarding exhaustion.  Due to the substitution

24  of counsel, and the fact that nearly four weeks have elapsed since the

25  Warden filed the answer, the Court has determined to set the meet and

26  confer 30 days from the filing of this order and the filing of the

27  joint statement 60 days from the filing of this order.

28

1   Between the meet and confer and the filing of the joint
2   statement, the parties shall appear at a case management conference
3   before the Court to discuss the progress of case review, exhaustion
4   resolution efforts, and any other matters pertaining to the litigation
5   of the case.  The hearing will be convened at 1:00 p.m. on August 22,
6   2005, and will be conducted telephonically, with counsel for Bolin
7   responsible for arranging and initiating the communication.  After the
8   parties complete their discussion concerning litigation matters,
9   counsel for the Warden will be excused from the conference so the
10  Court can discuss budgeting and funding matters with counsel for
11  Bolin.   Under 21 U.S.C. § 848(q)(9), ex parte consideration of
12  budgeting and funding matters requires a petitioner to make a showing
13  of the need for confidentiality.  The Court finds that since budget
14  applications require disclosure of matters protected by the attorney-
15  client and/or work product privileges, the need for confidentiality
16  is inherent in the budgeting process.  *See* Fed.R.Civ.P. 26(b)(3).  The
17  continuation of the case management conference without the
18  participation of the Warden will be reported and maintained under
19  seal.   At the funding and budget portion of the case management
20  conference, the Court will hear from Bolin's counsel with respect to
21  any difficulties they foresee or have encountered in completing the
22  budget forms.

23

24      FOR GOOD CAUSE APPEARING,

25  1.  Jolie Lipsig, appointed as lead counsel in this case on April
26      28, 1999, is relieved as counsel of record effective the date of
27      the filing of this order.

28

1  2.  The Capital Habeas Unit of the Federal Defender's Office

2      together with Robert D. Bacon, PMB 110, 484 Lake Park Avenue,

3      Oakland, California 94610, telephone, (510) 834-6219 are hereby

4      appointed as co-counsel in this matter pursuant to 21 U.S.C. §

5      848(q)(4).

6  3.  Within 14 days of the filing of this order, Mr. Bacon shall file

7      a request to establish a reimbursement rate.  This request shall

8      be filed under seal, as will be the order setting an hourly

9      rate.

10 4.  Within 30 days of the filing of this order, the parties, through

11     their counsel, shall meet and confer to discuss their respective

12     positions on the exhaustion status of the amended petition and

13     within 60 days of the filing of this order, shall file a joint

14     statement setting forth their positions on the exhaustion

15     status.

16 5.  The parties shall appear telephonically for a case management

17     conference at 1:00 p.m. on August 22, 2005 with counsel for

18     Bolin responsible for arranging and initiating the

19     communication.

20 IT IS SO ORDERED.

21 **Dated:  July 12, 2005**              **/s/ Robert E. Coyle**

   c508d4                                UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28