UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>        Petitioner,<br><br>  vs.<br><br>J. D. STOKES, As Acting<br>Warden of San Quentin State<br>Prison,<br><br>        Respondent. | Case No. C.V. F-99-5279-REC-P<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER FOLLOWING CASE MANAGEMENT CONFERENCE<br><br>DATE:    August 22, 2005<br>TIME:    1:00 p.m.<br>COURTROOM ONE |

This matter came on for hearing for a Case Management Conference in the above-entitled Court on August 22, 2005 at 1:00 p.m., the Honorable Robert E. Coyle presiding. Petitioner Paul C. Bolin ("Bolin") was represented by Assistant Federal Defender Allison Claire and private attorney Robert D. Bacon. Respondent J.D. Stokes, As Acting Warden of San Quentin State Prison (the "Warden") was represented by Stephanie A. Mitchell. All counsel appeared telephonically.

The purpose of the Case Management Conference was to determine and discuss progress in review of the case since counsel for both parties are relatively new. Bolin's counsel informed the Court they are still reviewing boxes of materials recently made available by Bolin's former counsel. At this point in the proceedings, Bolin is

not able to say with conviction whether any new claims will be asserted in state or federal court. A second and more immediate purpose for the Case Management Conference was to ascertain whether the parties had come to a conclusion about the exhaustion status of Bolin's First Amended Petition (the "Petition") filed January 19, 2005.

Initially, the Warden maintained in his Answer[1] that four claims in the Petition were unexhausted. Following a telephonic "meet and confer" between counsel,[2] the Warden has recognized that the Court already ruled on three of these four claims, finding the exhaustion requirement satisfied in an order issued November 28, 2000. The parties now agree that the exhaustion status of only one claim in the Petition is in dispute.

According to prior Court order, the parties are to file a joint statement setting forth their respective positions concerning the exhaustion status of the Petition no later than September 12, 2005. Since only one claim is in dispute, the joint statement will be concomitantly abbreviated. First, the joint statement will identify the operative law applicable to exhaustion. The parties are directed not to spend a great deal of time and effort on this portion of the joint statement, as the law governing exhaustion is settled.[3] Second, the Warden shall state whether the disputed claim is contended to be factually unexhausted, legally unexhausted, or both. Finally, Bolin shall explain why he contends the exhaustion requirement is satisfied,

---

[1] The Warden's Answer was filed June 17, 2005.

[2] The "meet and confer" requirement was imposed by Court order.

[3] It's the application of the settled legal principles that requires the greatest effort.

either by identifying where in the state petition or direct appeal proceedings the disputed claim was raised before the California Supreme Court, or by presenting other grounds for satisfaction of exhaustion.

Following review of the joint statement, the Court either will issue an order resolving the exhaustion dispute, or request further briefing in advance of deciding the exhaustion dispute.  Once the exhaustion status of the Petition is determined, the case will move into Phase III of the litigation, which is the briefing stage.  *See* Guide to Case Management and Budgeting in Capital Habeas Cases.[4]  The Court will advise the parties of the anticipated Phase III Case Management Conference contemporaneous with resolving the exhaustion dispute.

After discussion the above topics on the record, the Court then excused Ms. Mitchell so the hearing could proceed to confidential budgeting matters. Under 21 U.S.C. §848(q)(9), ex parte consideration of budgeting and funding matters requires a petitioner to make a showing of the need for confidentiality.  The Court finds that since budget applications require disclosure of matters protected by the attorney-client and/or work product privileges, the need for confidentiality is inherent in the budgeting process.  *See* Fed.R.Civ.P. 26(b)(3).  The ex parte proceedings have been reported and any memorialization of those proceedings will be maintained under seal.  An order summarizing the ex parte proceedings is filed under seal concurrently with this order.

---

[4] The Guide to Case Management and Budgeting in Capital Habeas Cases is available on the Court's web page.

In light of the foregoing, the parties shall file a joint statement setting forth their respective positions concerning the exhaustion status of one claim for which they do not agree exhaustion is satisfied.  The joint statement shall be electronically filed with the Court no later than September 12, 2005.  Thereafter the Court will address the exhaustion dispute and notify the parties of its decision.  The Court will further notify the parties of the commencement of Phase III of the litigation.

IT IS SO ORDERED.

Dated:   August 24, 2005  

                                    /s/ Robert E. Coyle  
                                        Robert E. Coyle  
                                United States District Judge