UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, | ) Case No. C.V. F-99-5279-REC |
| | ) |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| | ) |
| vs. | ) |
| | ) ORDER SETTLING EXHAUSTION |
| Steven W. Ornoski, As Acting Warden of San Quentin State Prison,* | ) STATUS OF AMENDED PETITION AND ) ESTABLISHING SCHEDULE FOR ) COMPLETION OF CASE MANAGEMENT ) PHASE II |
| Respondent. | ) |

## I. Background

Petitioner Paul C. Bolin ("Bolin") filed his Amended Petition for Writ of Habeas Corpus ("Amended Petition") on January 19, 2005. Respondent Steven W. Ornoski, As Acting Warden of San Quentin State Prison (the "Warden") filed his Answer to the Amended Petition on June 17, 2005. Initially, the Warden maintained that four claims in the Amended Petition were unexhausted. Following a telephonic "meet and confer" between counsel for the parties, the Warden concurs that the Court already has ruled on three of these four claims, finding the exhaustion requirement satisfied in an order issued November 28, 2000 regarding the original petition (which presented the same three claims). In the parties' Joint Statement Re: Exhaustion, the

---

\* Steven W. Ornoski is substituted for his predecessor, J.D. Stokes, as Acting Warden of San Quentin State Prison under Federal Rule of Civil Procedure 25(d).

1 exhaustion status of but a single allegation remains in dispute. By
2 this order, the Court determines that the exhaustion requirement as
3 to the Amended Petition is satisfied.

**II. Applicable Law Governing Exhaustion.**

Preliminarily, the Court notes that the parties do not dispute the scope of the applicable law governing exhaustion. To satisfy the exhaustion requirement, a habeas petitioner must either "fairly present" his federal claim to the highest state court with jurisdiction to consider it, *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995), or demonstrate that no state remedy remains available, *Harmon v. Ryan*, 959 F.2d 1457, 1460 (9th Cir. 1992). A federal claim has been fairly presented in state court when the petitioner has alleged both the operative facts and the federal legal theory upon which the contention is predicated. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A federal claim may be considered unexhausted if it includes newly developed factual allegations which were not presented to the state courts. *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982). New factual allegations, however, do not render a claim unexhausted unless they "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). The exhaustion requirement applies to claims, and does not separately require complete "evidence exhaustion." *Correll v. Stewart*, 137 F.3d 1404, 1414, n. 9 (9th Cir. 1998). The petitioner bears the burden of demonstrating exhaustion of state remedies. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

**III. The Warden's Contentions.**

The present exhaustion dispute centers around Claim G which alleges that the prosecutor purposely removed Hispanic prospective

1  jurors from Bolin's jury panel by exercising peremptory challenges
2  during jury selection.  The claim asserts both trial error, for the
3  trial court's failure to require the prosecutor to explain his
4  allegedly discriminatory jury selection practices, and ineffective
5  assistance of counsel, for trial counsel's failure on the same score.
6  The Warden submits that Claim G of the Amended Petition is partially
7  unexhausted because Bolin failed to challenge in the California
8  Supreme Court the prosecutor's use of a peremptory strike to excuse
9  prospective juror Janice Lucas.  Claim G alleges that the prosecutor
10 improperly utilized peremptory strikes to remove prospective jurors
11 Burciago, Romero, and Cordova.  Claim G then names several other
12 prospective jurors with Hispanic surnames alleged to have been
13 "[p]reviously" excused, including prospective juror Lucas.  The Warden
14 points out that contrary to this allegation, in fact, Ms. Lucas was
15 removed based on the prosecutor's peremptory challenge; she was not
16 previously excused on a financial hardship or for cause.  The Warden
17 maintains that the alleged improper removal of Ms. Lucas on the
18 grounds of her Hispanic status is a separate basis for Bolin's claim
19 for relief, and that it is unexhausted.

20 **IV.  Bolin's Contentions.**

21      In response, Bolin points out that Claim G does not allege an
22 improper prosecutorial peremptory challenge based on the removal of
23 prospective juror Lucas.  In both the state court pleadings and the
24 Amended Petition, the only improperly challenged prospective jurors
25 identified are jurors Burciago, Romero, and Cordova.  Bolin further
26 argues that reference to Ms. Lucas in the Amended Petition adds merely
27 evidentiary support to the underlying legal claim.
28

**V.  Analysis.**

After carefully reviewing the parties' Joint Statement, the Amended Petition, and the applicable state pleadings, the Court finds that the Amended Petition is fully exhausted.  Contrary to the Warden's argument, a claim which is not alleged in the Amended Petition cannot be the subject of an exhaustion dispute.  Yet, this is the Warden' position; he is asking the Court to find that Claim G is not fully exhausted because of the existence of a factual allegation which could have been, but was not alleged.

The Court does agree, however, with the Warden in one important respect.  If Bolin were to have alleged that Ms. Lucas had been removed improperly from the jury panel on the grounds of the prosecutor's allegedly racially motivated peremptory challenge, that allegation would be the type of additional fact which adds a new sub-claim to the Amended Petition.  It is more than a mere evidentiary fact.  This follows because if the prosecutor could supply neutral reasons for his strikes of the three named Hispanic prospective jurors, but could not with respect to Ms. Lucas, there might possibly be a basis for relief under Bolin's theories of trial error and ineffective assistance of counsel (for failure to call into question the prosecutor's misconduct).  Other than noting the factual separateness of a claim alleging an improper strike of a prospective juror, the Court declines further comment on the viability of Claim G or any of its components.  This ruling resolves the exhaustion dispute regarding the Amended Petition.

**VI.  Next Phase of the Litigation.**

Ordinarily, the determination that a petitioner has on file a fully exhausted petition, as here, signals the culmination of Phase

II of capital habeas litigation in this Court.  *See* Guide to Case Management and Budgeting in Capital Habeas Cases ("Attorney Guide"), ¶ 53.  In the instant action, however, Bolin's counsel, who are newly appointed as of July 12, 2005, have not completed their review of the entire case file, and therefore have not yet committed themselves to move forward with the litigation in its present form.  Bolin has not ruled out the possibility of seeking a further amendment to the Amended Petition to add additional allegations which may then have to be exhausted before the California Supreme Court.

The Court looks upon this course of action with great disfavor. Prior federal lead counsel, Ms. Jolie Lipsig, is viewed by the Court as highly competent and thorough.  If she missed any allegations when preparing the Amended Petition, the Court is confident they are minor allegations not likely to give rise to any independently actionable claim.  In the event that Ms. Lipsig overlooked a truly compelling federal claim, Bolin should so advise the Court without delay. Otherwise he should move forward into the next phase of the litigation. Recent Supreme Court case authority supports the Court's view that Bolin and his present counsel should press forward with the litigation in the condition the case file and pleadings have been presented. First, application of the doctrine of relation-back under Federal Rule of Civil Procedure 15(c)(2) has become extremely narrow after the high Court's ruling in *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562 (2005).  Unless any new claim Bolin may allege arises out of the same operative facts, in "both time and type" as facts alleged in the Amended Petition, that claim could be time-barred.  *See id*. ___ U.S. at ___, 125 S. Ct. at 2571.  Second the decision in *Rhines v. Weber*, ___ U.S. ___, 125 S. Ct. 1528 (2005) imposes restrictions on

the discretion of courts to hold federal proceedings in abeyance during the state exhaustion of new federal claims.

Nonetheless, before launching this action into Phase III, *see* Attorney Guide, ¶ 57, the Court will allow Bolin another six weeks to complete review of the case file.  No later than November 12, 2005, a full four months after appointment of his new counsel, Bolin shall inform the Court whether he intends to file a motion to amend the Amended Petition under Federal Rule of Civil Procedure 15(a).  If so, he shall file his motion forthwith.  In no event will the Court accept a motion to amend the Amended Petition later than December 12, 2005.  If Bolin chooses to go forward with the pleading prepared by and under the supervision of Ms. Lipsig, he shall notify the Court and schedule a Phase III Case Management Conference.

As fully described in the Attorney Guide, Phase III of capital habeas litigation involves briefing of the petition, whereby the petitioner prepares a comprehensive memorandum of points and authorities in support of the claims alleged, the Warden prepares a comprehensive memorandum of points and authorities opposing the claims alleged, including the development of any affirmative defenses, and the petitioner prepares a traverse responding to the arguments advanced in the Warden's opposition brief.  The parties are advised that the issue of procedural default will be treated as an affirmative defense, and, accordingly, will not be addressed prior to the Court's review of the merits of the operative petition.  In addition to merits briefing, Phase III is dedicated to fact development discovery, including discovery motions, and briefing of the petitioner's request for an evidentiary hearing.  All of these briefing issues will be

1  addressed at the Phase III Case Management Conference, at such time
2  as it is scheduled.
3  IT IS SO ORDERED.
4  **Dated:  September 29, 2005**           /s/ Robert E. Coyle
   c508d4                          UNITED STATES DISTRICT JUDGE