UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>Steven W. Ornoski, As Acting Warden of San Quentin State Prison,<br><br>　　　　Respondent. | ) Case No. C.V. F-99-5279-REC<br>)<br>) <u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br>)<br>) ORDER DIRECTING PETITIONER TO<br>) FILE PHASE III BUDGET AND<br>) SCHEDULING PHASE III CASE<br>) MANAGEMENT CONFERENCE<br>)<br>) DATE:　　January 18, 2006<br>) TIME:　　8:30 a.m.<br>) COURTROOM ONE |

Petitioner Paul C. Bolin ("Bolin") filed his Amended Petition for Writ of Habeas Corpus ("Amended Petition") on January 19, 2005. Respondent Steven W. Ornoski, As Acting Warden of San Quentin State Prison (the "Warden") filed his Answer to the Amended Petition on June 17, 2005. On September 29, 2005, this Court determined that the Amended Petition was exhausted. Because Bolin's counsel were newly appointed to the case, they were not then prepared to commit themselves to move forward with the litigation in its present form. Accordingly, the Court granted Bolin up to and including December 12, 2005 to decide whether to file a motion to further amend the Amended Petition. On December 8, 2005, Bolin notified the Court that he will not request leave to amend the Amended Petition, but rather will

proceed with the litigation in its present form.  This decision brings to a close Phase II of the litigation and commences Phase III.

As fully described in the Guide to Case Management and Budgeting in Capital Cases for the Fresno Division of the Eastern District of California (hereafter "Attorney Guide"),[1] Phase III of capital habeas litigation involves briefing of the petition, whereby the petitioner prepares a comprehensive memorandum of points and authorities in support of the claims alleged, the Warden prepares a comprehensive memorandum of points and authorities opposing the claims alleged, and the petitioner prepares a traverse responding to the arguments advanced in the Warden's opposition brief.  In addition to merits briefing, Phase III is dedicated to fact development, including discovery, record expansion, and briefing a motion for an evidentiary hearing.

Since this case is subject to budgeting requirements mandated by the Ninth Circuit Judicial Council, it is incumbent upon Bolin, through his attorneys, to prepare and submit a case management plan and budget for Phase III.  Although only the professional time and expenses of private appointed co-counsel, Robert D. Bacon, will be included in the case management plan and budget, the Court requires disclosure of the time and expenses intended to be utilized by co-counsel, Assistant Federal Defender Allison Claire, as well.  This disclosure will assist the Court in determining adequacy of the case management plan and the propriety of the division of labor within Bolin's litigation team.  The Court finds that since budget applications require disclosure of matters protected by the attorney-

---

[1] The Attorney Guide is posted on the web page for the District Court.

client and/or work product privileges, the need for confidentiality is inherent in the budgeting process. Accordingly, Bolin's Phase III case management plan and budget will be filed with the Court under seal.[2]

The case management plan will include proposed expenditures for filing a comprehensive brief in support of the Amended Petition and a Traverse, as well as a motion for an evidentiary hearing and reply brief. For the scope and breadth of an evidentiary hearing motion, the parties are directed to consult the Attorney Guide.[3] In addition, the Phase III case management plan should include efforts to conduct factual development discovery[4] and expand the record, if appropriate. It is anticipated that factual development discovery and record expansion, if any, will occur prior to Bolin's filing a motion for an evidentiary hearing.

At the Phase III Case Management Conference, the Court will address the completion of these various tasks. As noted above, Bolin's memorandum of points and authorities in support of the Amended Petition shall be comprehensive. In this Court, the memorandum of points and authorities in support of a capital habeas petition

---

[2] Counsel for Bolin should not electronically file the application for his Phase III budget, but rather submit it for filing under seal by mail to allow Court staff to scan the document into the electronic system.

[3] As recited at ¶ 58 of the Attorney Guide, the motion shall not recite any legal authority on the merits of the claims, but be limited to identification of: (a) the claims for which a hearing is sought; (b) an offer of proof as to the evidence sought to be presented; and (c) the legal grounds for the evidentiary hearing, including reason(s) Petitioner did not present the evidence in state proceedings according to cases construing 28 U.S.C. § 2254(e)(2).

[4] Discovery conducted during Phase III of the litigation is designed to develop facts, and is distinguished from discovery conducted during Phase IV in anticipation of an evidentiary hearing.

provides a petitioner with the opportunity to thoroughly develop the legal arguments in support of the merits of each claim.  The Warden's memorandum of points and authorities in opposition to the petition shall allege all affirmative defenses, including procedural default and *Teague* bars.  The parties are admonished that procedural defenses will not be addressed prior to the Court's review of the merits of Bolin's Amended Petition.  The parties should be prepared to discuss briefing and other schedules for all of the pertinent Phase III litigation tasks, including informal fact development discovery at the case management conference hearing.  Since a significant number of discovery issues can be resolved informally by the parties, it may be that discovery identified in the proposed budget and budget application ultimately may require less time to complete than originally contemplated.  The Court's approval of a budget item may be conditional on the complexity of the task and downward adjustment may be made during voucher processing, as necessary.

The Phase III Case Management Conference will be conducted telephonically at 8:30 a.m. on January 18, 2006, with counsel for Bolin responsible for arranging and initiating the call.  Ten court days prior to the date scheduled for the conference, Bolin shall submit his application for a Phase III case management plan and budget under seal by mail, as well as by facsimile and/or e-mail transmission.  Case management matters will be discussed with both parties at the conference.  Matters related solely to budgeting will be conducted ex parte, with only Bolin's interests represented.

IT IS SO ORDERED.

Dated: December 13, 2005          /s/ Robert E. Coyle
                                  Robert E. Coyle
                                  United States District Judge