UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>              Petitioner,<br><br>   vs.<br><br>Steven W. Ornoski, As Acting<br>Warden of San Quentin<br>State Prison,<br><br>              Respondent. | Case No. C.V. F-99-5279-REC<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER FOLLOWING FIRST PHASE III<br>CASE MANAGEMENT CONFERENCE<br><br>DATE:     January 18, 2006<br>TIME:     8:30 a.m.<br>COURTROOM ONE |

This matter came on for a Case Management Conference ("CMC") in the above-entitled Court, on January 18, 2006 at 8:30 a.m., the Honorable Robert E. Coyle presiding. Petitioner Paul C. Bolin ("Bolin") was represented by Assistant Federal Defender Allison Claire and private attorney Robert D. Bacon. Respondent Steven W. Ornoski, As Acting Warden of San Quentin State Prison (the "Warden") was represented by Stephanie A. Mitchell.[1] All counsel appeared telephonically.

---

[1] Ms. Mitchell reports that lead counsel for the Warden, Deputy Attorney General, Rachelle A. Newcomb, is currently on leave, but will be returning to the case March 1, 2006.

99dp5279.OFoll1stPhaseIIICMC.bol.wpd        1

**I.     Introduction.**

The purpose of the CMC was to establish a schedule for tasks to be accomplished in Phase III of the litigation and obtain more input about Bolin's proposed budget and case management plan. The hearing was conducted in two parts. The first included counsel for both parties discussing with the Court tasks to be performed and anticipated briefing schedules. The second part was conducted ex parte with only counsel for Bolin present discussing with the Court specific confidential matters relative to Bolin's proposed Phase III budget and case management plan. Under 21 U.S.C. § 848(q)(9), ex parte consideration of budgeting and funding matters requires a petitioner to make a showing of the need for confidentiality. The Court finds that since budget applications require disclosure of matters protected by the attorney-client and/or work product privileges, the need for confidentiality is inherent in the budgeting process. The ex parte proceedings for the present hearing have been reported and any memorialization of those proceedings will be maintained under seal. An order summarizing the ex parte proceedings and approving Bolin's Phase III budget and case management plan is filed under seal concurrently herewith.

**II.    Overview of Phase III.**

As stated to the parties in the Court's September 30, 2005 Order (doc. 142), Phase III of capital habeas litigation involves merits briefing, requests for factual development, some factual development (usually in the form of document production discovery), and the Court's decision as to whether to grant an evidentiary hearing. Phase III will culminate with the issuance of an Order resolving Bolin's anticipated request for an evidentiary hearing.

Briefing the entire petition, by both parties, is a crucial element of the Court's management of the case during Phase III. Legal briefing frames the issues beyond the parties' allegations and will be referred to when the Court reviews Bolin's anticipated request for an evidentiary hearing as well as the Warden's response.

While preliminary fact development and briefing are the primary activities anticipated for Phase III, the Court encourages the parties to consider settlement, mediation, or other alternative dispute resolution procedures. Bolin's counsel has requested budget approval for professional time to pursue such efforts and the time has been approved. The Court will provide any assistance in this regard which the parties may request.

**III. Merits Briefing and Discovery in Phase III.**

Bolin expresses considerable concern that he cannot comprehensively brief the claims in the Amended Petition until factual development, including an evidentiary hearing, is complete. The Court does not understand the logic of this statement as it applies to Bolin's anticipated request for an evidentiary hearing. Before the Court can even consider whether to grant an evidentiary hearing, Bolin's litigation team must brief the claims for which the hearing is requested. If claims for which an evidentiary hearing is requested can be briefed, the Court does not comprehend why counsel cannot also brief record-based claims.

When this matter was discussed during the CMC, the Court categorically foreclosed the possibility of Bolin completing factual development prior to briefing the merits of the Amended Petition. That pronouncement referred to the requested *completion* of factual development, as in conducting extensive discovery and an evidentiary

hearing, prior to merits briefing.  It did not foreclose limited pre-briefing discovery.  Indeed, the Court noted at the hearing that since Bolin's fully exhausted Amended Petition is on file, discovery is permitted.  Thus, the Court would be amendable to considering pre-merits briefing discovery requests under Rule 6 of the Rules Governing § 2254 Cases, as permitted by Ninth Circuit authority.  *See Calderon v. United States District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996); *Calderon v. United States District Court (Roberts)*, 113 F.3d 149, 149 (9th Cir. 1997).  If Bolin's litigation team wishes to conduct some fact development discovery prior to filing his memorandum of points and authorities in support of the Amended Petition, discovery may be requested by way of noticed motion.

   Bolin is cautioned, however, that discovery in habeas actions, unlike discovery in regular civil actions, requires "good cause" as specified in Rule 6 of the Rules Governing § 2254 Cases.  In that context, good cause has two primary elements.  The first is that the material sought is not available by informal means.  The second relates to a strict construction of relevance.  That is, discoverable information in habeas proceedings requires a closer nexus of proof to alleged claims than is required in regular civil actions. Specifically, for specified discovery to be authorized, Bolin must make a showing of entitlement to relief if he is able to obtain the discovery requested.  *See Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (discovery is appropriate to permit petitioner to establish entitlement to relief); *Harris v. Nelson*, 397 U.S. 286, 300 (1969) (discovery is available to petitioner, who upon specific allegations, convinces the court s/he may be entitled to relief if the facts were developed).  Because of the nature of habeas corpus, the expansive

construction of relevance in civil cases, to embrace all information "reasonably calculated to lead to the discovery of admissible evidence" specified in the Federal Rule of Civil Procedure 26(b)(1), is not appropriate. Habeas corpus is not a proceeding to *learn* facts. *See, e.g., Harris*, 394 U.S. at 297 ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding); *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (habeas corpus "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence'"). At the CMC, Bolin's counsel commented about obtaining discovery of information that would lead to discovery of admissible evidence. The foregoing exposition of controlling authority demonstrates that Bolin's perception of his entitlement to discovery must be significantly narrowed. With that admonition in mind, Bolin may take appropriate steps to obtain discovery, including discovery in advance of merits briefing.

**IV.   Topics Related to Merits Briefing.**

To clarify the Court's intentions with respect to management of this case, three related topics must be addressed. The first involves the anticipated evidentiary hearing motion. The second involves motions for summary judgment. The third involves oral argument.

**A.   Anticipated Motion for Evidentiary Hearing.**

Bolin's request for an evidentiary hearing will be addressed *after* legal briefing is submitted on the merits of all claims in the Amended Petition. As set out in the Attorney Guide for the Fresno Division of the Eastern District of California, a request for an evidentiary hearing is a limited document. Because full legal briefing will already have been completed, in the evidentiary hearing

motion, Bolin will have only to identify each claim for which an evidentiary hearing is sought, provide an offer of proof for the evidence anticipated at the evidentiary hearing,[2] and explain briefly why the evidence sought was not developed in state proceedings. While the Court does not minimize the effort which must go into setting forth an offer of proof, the factual development in the preparation of an evidentiary hearing motion need not be complete. That is the purpose of the evidentiary hearing.

Nor should Bolin be concerned that the Court may deny one or more record-based claims on the merits before determining the propriety of an evidentiary hearing. The Court is well-aware of its obligation to assess cumulative prejudice as to interrelated record-based claims and claims for which an evidentiary hearing has been granted. In other cases, the Court has been known to hold in reserve its decision on record-based claims, *sua sponte*, until after an evidentiary hearing has been conducted. Should there be any overriding concern on this issue, Bolin is at liberty to request the Court to reserve ruling on a record-based claim until after an evidentiary hearing is determined appropriate, and if granted, conducted.

**B.   Motions for Summary Judgment.**

The Attorney Guide for the Fresno Division provides no opportunity for either party to file a motion for summary judgment. In this Court summary judgment motions have been found unnecessary, because unlike regular civil proceedings, there is *no trial* in habeas cases that can be avoided by summary judgment. The determination of

---

[2] The offer of proof may consist of witness and/ or expert declarations or a statement by Bolin's counsel. Counter offers of proof by the Warden likewise may consist of witness and/ or expert declarations or a statement by the Warden's counsel.

whether a petitioner is entitled to relief is made based on the papers and after an evidentiary hearing, if granted. With respect to procedural issues in particular, the Warden has been directed to raise all procedural issues as affirmative defenses in his Answer to the Amended Petition. This has been accomplished. Bolin may address any of those procedural defenses in his opening memorandum of points and authorities in support of his Amended Petition, and the Warden will certainly address procedural defenses in his points and authorities in opposition to the Amended Petition. Bolin will have the final opportunity to respond to the Warden's defenses in his reply brief. With respect to substantive issues, summary judgment would simply be duplicative of merits briefing.

**C.   Oral Argument.**

Both parties should be advised that the Court rarely entertains oral argument on motions presented. While the Court will not foreclose the possibility of oral argument on potential discovery motions or the anticipated motion for an evidentiary hearing, the Court can categorically state that there will be no oral argument on a summary judgment or a procedural motion, since neither of these types of motions will be permitted. Further, unless there is something extremely unusual about any potential discovery motion, the Court will receive oral argument, if any, telephonically. Live oral argument on the anticipated motion for evidentiary hearing, if any, will likely be limited to specific narrowly circumscribed issues.

**V.   Briefing and Post-Briefing Schedule.**

The parties agreed on a 330 schedule at the CMC hearing. Within 120 days of entry of this order, Bolin will file his opening memorandum of points and authorities in support of the Amended

Petition. Bolin may, in this opening brief, address any of the Warden's procedural defenses alleged in his Answer.[3] Following the filing of Bolin's brief, the Warden will have 120 days within which to file his opposition points and authorities. Within 60 days from the filing of the Warden's opposition brief, Bolin will file his reply brief. Bolin will then schedule a second Phase III CMC to be conducted within 30 days of the filing of his reply brief

**VI. Anticipated Duration of Phase III.**

Phase III comprises of a substantial effort by both parties. Significant briefing and preparation is required to request discovery, brief the merits, meet opposing arguments, and litigate Bolin's entitlement to an evidentiary hearing. Based on the briefing schedule already agreed to by the parties, as well as the Court's past experience with Phase III litigation in other cases, the duration of Phase III in this case is anticipated to be three years.[4]

**VII. Conclusion.**

The case management plan for Phase III of this case is established, and subject to modification only on a showing of good cause.

IT IS SO ORDERED.

Dated:   January 27, 2006  
                                        /s/Robert E. Coyle  
                                        Robert E. Coyle  
                                        United States District Judge

---

[3] Bolin may also wait to address procedural defenses in his reply brief if he prefers.

[4] Bolin's counsel had anticipated the duration of Phase III to be two years, but in light of all that must be accomplished, the Court believes this estimate is too conservative.