UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, | ) Case No. CV F-99-5279- AWI |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| vs. | ) ORDER GRANTING PETITIONER'S |
| Eddie S. Ylst, As Acting Warden of San Quentin State Prison, | ) MOTION FOR RECONSIDERATION OF MODIFIED BRIEFING SCHEDULE |
| Respondent. | ) |

This matter is before the Court on the April 12, 2006 motion of Petitioner Paul Bolin ("Bolin") for reconsideration of the Court's April 3, 2006 order modifying the previously entered briefing schedule. Respondent Eddie S. Ylst, As Acting Warden of San Quentin State Prison (the "Warden") opposes the motion.

**I.   Background.**

The original briefing schedule was established in an order issued by the Court on January 30, 2006.[1] Under that order, Bolin was to file his opening points and authorities in support of his Amended Petition on or before May 30, 2006 (120 days following entry of the order). The Warden was to file his opposition points and authorities on or before September 27, 2006 (120 days following the filing of

---

[1] Although the order was signed on January 27, 2006, it was not actually filed by the Court Clerk until January 30, 2006.

Bolin's opening points and authorities). The due date for Bolin's reply brief was scheduled for November 27, 2006 (60 days following the filing of the Warden's opposition). Bolin was to schedule a second Phase III Case Management Conference to be conducted on or before December 27, 2006 (30 days following the filing of his reply brief).

Just over 60 days after entry of the January 30, 2006 order, on March 31, 2006, Bolin filed an application to modify the briefing schedule. In his application, he recounted that although he was then prepared to file a motion for discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases, he could not do so until informal efforts to obtain discovery voluntarily were exhausted.[2] Bolin noted that numerous informal discovery requests were outstanding as of the filing of the initial application. These outstanding requests included documents to be produced voluntarily by the Kern County District Attorney's Office (to assist in the reconstruction of trial counsel's file), Freedom of Information Act requests to environmental regulatory agencies concerning toxic contamination of work sites to which Bolin was exposed, Bolin's military service records from the Department of Defense, records relative to the defense investigator, Bruce Binns, who worked on Bolin's trial, and local (Bakersfield) media recordings of the jury view of the crime scene on December 10, 1990. While Bolin explained that the Kern County District Attorney's Office is cooperating with the request for materials that would have comprised the trial records of Bolin's trial counsel, no information was provided regarding the status of other informal discovery

---

[2] Discovery in habeas actions can only be conducted following court authorization, which, in turn requires a showing of "good cause." One component of "good cause" is that the material sought is not available by informal means.

efforts.[3] Bolin asked the Court to grant him up to and including June 15, 2006 to file any motion for discovery pursuant to Rule 6, and to leave for a later determination an appropriate new briefing schedule.

On April 3, 2006, the Court granted Bolin's motion to modify the original briefing schedule established in the January 30, 2006 order. The Court granted Bolin up to an including May 15, 2006 to file any motions for discovery and a deadline to complete any authorized discovery by June 15, 2006. The Court additionally extended the due date for Bolin's opening points and authorities in support of his Amended Petition from May 30, 2006 to July 17, 2006, with subsequent due dates as calculated in the January 30, 2006 order to remain the same.

**II. Bolin's Argument.**

Bolin asserts that the May 15, 2006 discovery motion due date provided in the Court's April 3, 2006 order is unrealistic. He claims he needs up to June 15 to file his discovery motion because he may not even receive documents from the District Attorney's Office until May 15, 2006.[4] This follows because the District Attorney's Office is not scheduled to identify and segregate documents to be voluntarily disclosed until the end of April, and before the documents can be copied, advance authorization must be obtained by the Federal Defender's Office to hire a copy service to copy the documents. Bolin

---

[3] Although the District Attorney's Office is cooperating, Bolin strongly implies that further compelled discovery will be sought from this agency.

[4] The Court understands from this that the main focus of any discovery motion will be documents in the possession of the District Attorney's Office. The reconsideration motion is silent as to whether formal third-party discovery also will be sought from the other entities and agencies.

estimates this process will require from 10 to 14 days, or up to approximately May 15.

With respect to his opening points and authorities, Bolin gives an estimate of the number of days it is likely to take between tasks from filing the discovery motion to filing his opening brief. The intervals take into account his anticipated contested discovery motion, the need to actually conduct discovery, and time to assimilate all the information obtained into the comprehensive opening brief. The number of days involved comes to 109 days, which when added to the proposed June 15, 2006 date to file his Rule 6 discovery motion would put the due date for his opening brief at October 2, 2006.[5] This is just over four months past the due date originally scheduled in the January 30, 2006 order.

The 109 days are calculated as follows. After Bolin files his motion on June 15, which he anticipates will be contested, the Warden will have 14 days to file an opposition, pursuant to Local Rule 78-230. Bolin will then have 7 days after the Warden opposes to file a reply. Bolin would then like the opportunity to be heard at oral argument, which he would set for July 17,[6] when he files the motion. Assuming the Court would be able to render an immediate ruling, Bolin then states he will require 45 days to complete any approved discovery. The Court understands that discovery sought to be propounded will be third-party discovery accomplished by the service

---

[5] Bolin does not actually identify 109 as the number days involved. This number of days was calculated based on information Bolin provided.

[6] Although 28 days after June 15 is July 13, the Court only sets hearings on Mondays. July 17 is the first Monday after 28 days from the proposed motion filing date.

of subpoenas duces tecum.  The 45-day estimate will provide the third-parties the customary 30 days within which to comply with the subpoenas, and/or time to move to quash the subpoenas.  Bolin then requests 30 days after expiration of the 45-day period for completion of discovery to file his opening points and authorities.  Because 30 days after the 45-day period falls on a Saturday, two more days are required. (The sum of 14 days (for the opposition) plus 7 days (for the reply) plus 11 days (until oral argument) plus 45 days (to complete discovery) plus 32 days (to write and file the opening brief) is 109 days.)  If the Court denies discovery, Bolin concedes that his opening brief should be filed 30 days after the Court so rules.

**III. The Warden's Argument.**

The Warden argues that Bolin's proposed discovery motion will be meritless.  Pointing to language in the January 30, 2006 order limiting the scope of pre-briefing discovery, the Warden maintains Bolin's prediction that extensive discovery may be sought will violate that order.  The Warden additionally refers to language in the January 30, 2006 order proscribing the completion of all factual development prior to the filing of the opening brief.  The Warden also claims that Bolin will be able to write his opening brief even before discovery is completed. Next, the Warden claims that a discovery motion at this juncture will be untimely.  Finally, he claims that significant discovery which alters the nature of currently alleged claims must be factually exhausted in state court.

**IV.  Resolution.**

Two separate issues are presented.  The first relates to postponing the due date for Bolin's filing of his anticipated Rule 6 discovery motion.  The second pertains to setting a briefing schedule

based on the need to litigate contested discovery requests and then to complete discovery.

**A.   Postponing the Due Date for the Discovery Motion**.

The Court does not agree with the Warden's contention that establishing a briefing schedule for a discovery motion should be driven by considering in advance the merits of what is to be briefed. This calls for speculation.  Specifically addressing the Warden's concerns, first, although the scope of authorized discovery on habeas corpus is limited, this does not compel the conclusion that extensive discovery within this limited scope may not have to be conducted. Second, the factual development referred to in the January 30, 2006 order, which the Court said definitely would not be completed prior to Bolin's filing of his opening brief, relates to conducting an evidentiary hearing.  Third, the Court will not interfere peremptorily with Bolin's litigation strategy in deciding what information is needed to adequately support his opening brief.  Fourth, the issues of Bolin's diligence in pursuing discovery and the prospect that discovery may defeat exhaustion will be addressed (if the arguments are raised) in resolution of contested discovery requests.  It is premature to address those issues now.

On the other hand, Bolin has not justified a 45-day gap between the time the District Attorney's office makes requested information available (the end of April) to the proposed filing date for a discovery motion (June 15).  First, the volume of documents is not described.  Second, the need for waiting another two weeks to copy the documents because of funding matters is not reasonable.  The Court is not convinced the Federal Defender could not arrange advance authorization, or at least send someone from the litigation team down

1  to Bakersfield to inspect the documents upon disclosure by the
2  District Attorney's Office.  Third, the Court also does not appreciate
3  the reason for Bolin's need to wait 30 days from copying the documents
4  to filing a proposed motion.  Again, the moving papers are silent as
5  to whether discovery will be sought only from the District Attorney's
6  Office or whether the other agencies and entities mentioned
7  (environmental agencies, Department of Defense, trial investigator,
8  Bakersfield media companies) also will receive subpoenas.
9      Despite these concerns, the Court grants Bolin up to and
10 including Monday, June 12, 2006 to file his discovery motion or
11 motions.  All proposed subpoenas duces tecum should te appended to the
12 discovery motion(s).
13     **B.   Re-Establishing a Due Date for Bolin's Opening Memorandum**
14          **of Points and Authorities**.
15     Because of the uncertainty as to when the Court will issue a
16 ruling on Bolin's anticipated discovery motion (or motions),
17 determining when discovery will be complete and when Bolin's opening
18 brief reasonably can be filed will be deferred until the Court rules
19 on Bolin's anticipated discovery motion(s).  The Court has in mind,
20 however, requiring Bolin to file his opening brief within 60 days from
21 the order granting discovery.  The Court encourages the parties to
22 file prompt papers with the Court, notwithstanding the time limits
23 permitted under the Local Rules.
24 **V.   Order**.
25     The motion for reconsideration of the briefing schedule
26 modification is granted.  Bolin shall file his discovery motion or
27 motions on or before June 12, 2006.  The Warden shall file his
28 opposition brief promptly, but in no event past the due date specified

in Local Rule 78-230.  Likewise, Bolin shall file his reply brief promptly, but in no event past the due date specified in Local Rule 78-230.  The Court will determine whether to decide the matter with or without a hearing.  When the Court issues its ruling regarding authorized discovery, a briefing schedule for merits briefing will be established.

IT IS SO ORDERED.

Dated:   April 19, 2006   
                                          /s/ Anthony W. Ishii   
                                           Anthony W. Ishii  
                                    United States District Judge