UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>             Petitioner,<br><br>       vs.<br><br>ROBERT L. AYERS, Jr., Warden of<br>San Quentin State Prison,<br><br>             Respondent. | Case No. 1:99-CV-5279-LJO<br><br>Death Penalty Case<br><br>Order Setting Schedule for Motion for<br>Evidentiary Hearing |

A case management conference was held before Judge Lawrence J. O'Neill on May 12, 2008, and continued to May 27 at 8 a.m., to discuss the schedule for filing a motion for evidentiary hearing in this case.  Telephonic appearances were made on May 27 by Robert Bacon and Allison Claire for Petitioner Paul C. Bolin ("Bolin"), and by Harry Colombo, Melissa Lipon and Ryan McCarroll for Respondent Robert L. Ayers, Jr. ("the Warden").

The parties agreed to the following briefing schedule:

1. Bolin will file his motion for evidentiary hearing by November 21, 2008;
2. The Warden will file any opposition to Bolin's motion by March 20, 2009;
3. Bolin's reply to the State's opposition is due by May 20, 2009.

The motion for evidentiary hearing is a limited document, which should

1  only (1) identify the claims for which a hearing is sought, (2) provide an offer of
2  proof for the evidence sought to be presented, and (3) explain briefly why that
3  evidence was not developed in state proceedings.  *See* 28 U.S.C. § 2254(e)(2).
4  Bolin's offers of proof, and the Warden's counter-offers of proof, may consist of
5  witness and/or expert declarations, or statements of counsel.

6  Whether the Court grants Bolin an evidentiary hearing depends on three
7  factors.  The first is whether his claims, as pleaded, are cognizable under federal
8  constitutional law.  The second is whether the claims are supported (or
9  contradicted) by the record.  The third is whether Bolin has submitted offers of
10 proof which would establish, by evidence admissible at a hearing, the validity of
11 his claims.  Because Bolin's petition is fully briefed with comprehensive points
12 and authorities, as well as a traverse to the Warden's points and authorities, the
13 evientiary hearing motion need not address the first factor since that issue is
14 already briefed.  As to whether any particular claim is supported or contradicted
15 by the record, that matter may be brought to the Court's attention in the moving
16 papers if it has not been previously raised in the briefs supporting and opposing
17 the petition.

19 IT IS SO ORDERED.

21 DATED:   May 27, 2008

22                                                    /s/ Lawrence J. O'Neill
23                                             United States District Judge