IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN<br><br>    Petitioner,<br><br> vs.<br><br>Vincent Cullen, as Acting Warden of<br>San Quentin State Prison,*<br><br>    Respondent. | Case No. 1:99-cv-5279-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S<br>APPLICATION TO FILE EXHIBITS<br>UNDER SEAL |

  This matter is before the Court on the December 22, 2008 application of Petitioner Paul C. Bolin ("Bolin") to file seven exhibits, Exhibits 56, 65, 66, 67, 68, 72, and 94, under seal (doc. 222). Bolin has proffered these exhibits in support of his motion for an evidentiary hearing (doc. 214). The exhibits were served on Respondent Vincent Cullen, as acting Warden of San Quentin State Prison (the "Warden") (doc. 224). The Warden has not opposed Bolin's application.

  Exhibit 56 is comprised of certified copies of California Drivers' Licenses of prospective jurors peremptorily challenged by the prosecution. Bolin has alleged ineffective assistance of counsel for his trial attorneys' failure to challenge prosecutorial strikes of Latino jurors. The basis for sealing these documents is to preserve the privacy of the stricken jurors. Exhibits 65 through 68 are declarations of members of the defense team, relevant to Bolin's claim that his trial attorneys were constitutionally ineffective (in connection with the stricken jurors, lack of investigation, an undefined defense strategy, and poor performance). In each of these declarations, the declarants recite the content of conversations they had with Bolin and reveal trial strategies (or the absence of trial strategies). Bolin states that should the Court find he is entitled to further evidentiary development of his ineffective assistance of counsel

---

 *Vincent Cullen is substituted for his predecessor Robert K. Wong, as Acting Warden of San Quentin State Prison pursuant to Federal Rule of Civil Procedure 25(d).

99dp5279.OGrantReq2FileExhibitsUnderSeal.Bol.wpd   1

claims and these exhibits (or any of them) are admitted in these proceedings, Bolin will request a protective order pursuant to *Bittaker v. Woodford*, 331 F.3d 715, 718-26 (9th Cir. 2003), to limit use of these documents to the present federal habeas corpus proceedings. *Bittaker* covers evidence that reveals attorney-client communications as well as attorney work product. *Id*. at 722, n. 6. Exhibit 72 is a declaration of proffered *Strickland* expert, James Thomson, also in support of Bolin's various ineffective assistance of counsel claims. As with the declarations of members of the defense team, Bolin will seek a protective order under *Bittaker* in the event Mr. Thomson's testimony is admitted. While Mr. Thomson's declaration does not constitute attorney-client communications, his testimony references declaration statements made by Bolin's trial counsel, which do recite privileged information and reveal trial strategy. Finally, Exhibit 94 is comprised of two memoranda written by employees of the defense investigator. Mr. Bolin claims these memoranda fall within the scope of the attorney-client privilege. The investigative reports are not covered by the attorney-client privilege, but they do qualify as work product, subject to protection under *Bittaker*.

GOOD CAUSE APPEARING THEREFOR,

    Exhibits 56, 65, 66, 67, 68, 72, and 94 shall be filed under seal to preserve confidential and privileged information.

IT IS SO ORDERED.

DATE:   March 29, 2010                                         /s/ Lawrence J. O'Neill
                                                                                             Lawrence J. O'Neill
                                                                          United States District Judge