IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN<br><br>　　　　Petitioner,<br><br>　vs.<br><br>Vincent Cullen, as Acting Warden of<br>San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 1:99-cv-5279-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING PETITIONER'S<br>REQUEST FOR RECONSIDERATION |

　　　　This matter is before the Court on the May 20, 2010 request for reconsideration filed by Petitioner Paul C. Bolin ("Bolin") addressing the Court's May 14, 2010 order (doc. 243) directing the parties to lodge evidence. In a companion joint request and stipulated order by Bolin and Respondent Vincent Cullen, as Acting Warden of San Quentin State Prison (the "Warden"), the parties request that compliance with the May 14, 2010 order be extended 30 days beyond the Court's ruling on Bolin's within request for reconsideration (doc. 245).

　　　　In the May 14, 2010 order, the Warden was directed to reproduce all photographic and documentary trial exhibits, both admitted and excluded. Additionally, the Warden was directed to photograph all tangible trial exhibits, with the exception of actual bullets and spent shell casings. These photographs (including reproductions of photographs) and documents were to be lodged with the Court by June 14, 2010.

　　　　Separately, the order directed both parties to respond with respect to a September 5, 1989 audiotaped interview of surviving victim Jim Wilson. Specifically, the parties were ordered to meet, confer, and agree upon copy of the audiotape to be submitted to the Court. The audiotape was to be

1  lodged by June 14, 2010.  If the parties were able to agree on a transcription of the audiotape, a transcript
2  of the audiotape also was to be lodged by June 14, 2010.

3  Bolin argues the Court's request for evidence offered and adduced at his trial is overbroad,
4  unsupported by Rule 7 of the Rules Governing § 2254 Cases, intrusive into the litigation strategies of
5  the parties, and premature (because the Court has not yet ruled on Bolin's Motion for Evidentiary
6  Hearing).  He asks that the Court narrow its request to include only those photographs presented to and
7  considered by the California Supreme Court on direct appeal, that is People's Trial Exhibits 42, 43, 44,
8  75, 75a, 76b, and 76.

9  Regarding the taped interview of Mr. Wilson, Bolin argues generally that the decision to offer
10 investigative materials not introduced at trial or presented to the California Supreme Court on federal
11 habeas corpus  rests solely with him.  That is, it's a matter of litigation strategy.  Separately, he argues
12 that ordering the audiotape sua sponte is premature in light of the still pending motion for evidentiary
13 hearing.  Nonetheless, he offers a transcript of a cassette tape which his attorney believes was turned
14 over to trial counsel during pre-trial proceedings (Exhibit 95, doc. 246).  His attorney states she has
15 listened to the tape recording and avers that the transcript is complete and accurate except for minor
16 spelling and phonetic errors.

17 The directive to lodge trial exhibits in the May 14, 2010 order was directed to the Warden; Bolin
18 lacks standing to complain.  The request for reconsideration as to the trial exhibits is denied.  In
19 complying with the May 14, 2010 order, the Warden is to limit the lodging of photographs and
20 documents to exhibits offered during, not before, the trial.  Bolin is correct that the Court already has
21 before it the exhibits relevant to pre-trial publicity (Bolin's proffered Exhibits 52, 53, and 54).  In light
22 of delay occasioned by the instant reconsideration request, the Warden's compliance is extended to June
23 24, 2010.

24 As to audiotape of Mr. Wilson, Bolin recognizes that the complete interview may assist the Court
25 in evaluating Claims I1 and I3, and accordingly has supplemented the proffered exhibits with a transcript
26 of the recorded interview.  This is an implicit concession that the Court has the inherent authority to
27 "direct the parties to expand the record by submitting additional materials relating to the petition"
28 consistent with Rule 7(a) of the Rules Governing § 2254 Cases.  Nonetheless, Bolin has not indicated

1  compliance with the Court directive to meet and confer with the Warden to agree upon a copy of the
2  audiotape to be submitted to the Court.  Nor has he indicated whether he and the Warden agree that the
3  transcription proffered as Exhibit 95 is complete and accurate.  Both the audiotape and a statement by
4  the parties regarding an agreed upon transcript, or an actual stipulated transcript, shall be presented to
5  the Court by June 24, 2010.
6  IT IS SO ORDERED.

8  DATE:   May  24, 2010                                    /s/ Lawrence J. O'Neill
                                                            Lawrence J. O'Neill
9                                                           United States District Judge