IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,*<br><br>　　　　Respondent. | Case No. 1:99-cv-5279-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER RE: PETITIONER'S PRO SE REQUEST FOR A HEARING ON CONFLICT OF INTEREST ISSUES |

This matter is before the Court on the February 16, 2012 and April 30, 2012 motions filed pro se by Petitioner Paul C. Bolin ("Bolin"). In both filings, Bolin asserts the policies, procedures, rules, and rulings of the California Supreme Court are unconstitutional because they deprive him of meaningful review of his claims. In the February motion, he requests suspension of the proceedings before the California Supreme Court so the complained of policies, procedures, rules, and rulings may be reviewed by this Court. In the April motion, he attaches the points and authorities of a co-inmate, Theodore Shove ("Shove"), filed in the Central District of California.[1] Shove also requests the suspension of his state proceedings because of alleged illegalities and suspension of the writ.[2] As to the alleged conflict of interest, Bolin complains about the apparent acquiescence of his appointed attorneys in the alleged illegal conduct of the California State Court system.

---

[1] This case is filed under Case No. CV 12-2194 R.

[2] The Central District Court dismissed Shove's action for lack of exhaustion of state remedies on April 6, 2012, docket no. 7. Shove's direct appeal in his capital case is still pending before the California Supreme Court.

*Kevin Chappell is substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

I.     **Procedural History**

On December 12, 1990, Bolin's jury found him guilty of two counts of first degree murder, with the multiple murder special circumstance, one count of attempted first degree murder, and one count of marijuana cultivation. His penalty phase trial commenced on January 22, 1991 and culminated on January 24, 1991 with a verdict of death. Bolin's motion to set aside the death verdict was denied on February 25, 1991 and his death sentence was imposed. His conviction and sentence were affirmed by the California Supreme court on June 18, 1998. *People v. Bolin*, 18 Cal. 4th 297 (1998). Bolin's petition for rehearing was denied on August 12, 1998, and his petition for certiorari to the United States Supreme Court was denied on March 8, 1999. Bolin commenced this federal action on March 3, 1999 with a request for appointment of counsel, in pauperis status, and a stay of execution. He filed his federal petition for habeas corpus relief on August 8, 2000. On the same day, with the assistance of federally appointed counsel, he filed his first state petition for habeas corpus relief with the California Supreme Court.

On January 19, 2005, the California Supreme Court summarily denied Bolin's state petition on the merits, and additionally found several claims procedurally barred, except to the extent that he alleged ineffective assistance of appellate counsel. Bolin's amended federal petition filed on the same day, January 19, 2005, is the operative petition in this action. On April 27, 2012, the Court granted a limited evidentiary hearing as to Claim C of Bolin's petition. Further proceedings in preparation for that hearing are pending.

The docket of the California Supreme Court also shows Bolin filed a pro se state petition on May 16, 2011, entitled "Petition for writ of habeas corpus filed by condemned inmate in propria persona." There is a second docket entry on June 7, 2011 indicating Bolin filed additional evidence in support of his petition. No other information is available about this matter.

II.    **Discussion**

Local Rule 191, subdivision (d) of the Eastern District of California Local Rules, under the heading "Attorney Representation," provides in part: "Having appointed counsel to represent the petitioner, the Court generally will not consider pro se documents about the presentation of his or her case. However, the Court generally will consider pro se motions concerning petitioner's

representation by appointed counsel." Although Bolin's pleading is framed as in terms of a conflict of interest with his appointed attorneys, his complaint is not about lack of attorney communication or mishandling of the merits of his substantive claims. Rather he bases his claim of an alleged conflict of interest on the fact that his appointed attorneys feel bound by the policies, procedures, rules, and rulings of the California Supreme Court, and further that they have declined to bring claims challenging the California State Court system before this Court.

This is not a bona fide conflict of interest. Rather, it is an attempt to present substantive claims to the Court which Bolin's attorneys have not raised. Moreover, there is nothing the least bit ineffectual about the attorneys' declination to raise Bolin's challenges to the California State Court system. First, and foremost, this Court has ordered an evidentiary hearing on one of the fully exhausted claims Bolin's attorneys presented on his behalf in the federal petition. Second, even if this Court believed the California State Court system were flawed, it is without authority to provide a remedy. Finally, the claim Bolin wishes to pursue is not cognizable on federal habeas corpus.

**III.    Conclusion**

The within pending pro se motions are denied on the merits. No remedy is available for the claims Bolin advocates, and the claims are not cognizable. The ends of justice will be better served if the Court focuses on the substantive claims currently under consideration. Bolin's counsel are directed to provide him with a copy of this order.

IT IS SO ORDERED.

DATE:   May 16, 2012

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge