IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN<br><br>　　　　　Petitioner,<br><br>vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No. 1:99-cv-5279-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER RE: BRIEFING MOTION FOR RECONSIDERATION OF ORDER GRANTING LIMITED EVIDENTIARY HEARING AND EXPANDING SCOPE OF HEARING TO INCLUDE CASE MANAGEMENT CONFERENCE FOR PHASE IV<br><br>DATE:　　　August 9, 2012<br>NEW TIME:　8:00 A.M.<br>TELEPHONIC |

On April 27, 2012, the Court ordered a limited evidentiary hearing on Claim C2 presented by Petitioner Paul C. Bolin ("Bolin") in his Petition. Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the "Warden"), filed a motion for reconsideration of that order on July 12, 2012. Bolin's opposition to the reconsideration motion is due July 26, 2012, and the hearing is set for the date set forth above.

Following the Court's review of the reconsideration motion, the issue of Bolin's diligence under 28 U.S.C. § 2254(e)(2) regarding the offer of proof from his trial attorneys, Charles Soria and William Cater, is of particular interest. Among other issues, Bolin is directed to address the matter of diligence in his opposition brief.

The Court also has reviewed the parties' joint statement regarding preparation for the evidentiary hearing. As set forth in the Court's Attorney Guide (found at www.caed.uscourts.gov under Fresno/Attorney Info/ Forms/ CJA), Phase IV of capital habeas litigation commences once the

Court has made a ruling on the petitioner's request for an evidentiary hearing. The Court's April 27, 2012 ruling ordering a limited evidentiary hearing on Bolin's Claim C2 has brought the case into Phase IV. It is customary for the Court to conduct a case management conference at the beginning of each new litigation phase, although no case management conference had been set in the present action.

Because there are several matters in dispute which will affect case management in general and Bolin's proposed Phase IV budget in particular, the Court finds good cause to conduct a case management conference following the hearing on the reconsideration motion. The hearing time is therefore advanced to 8:00 a.m. with participation by all counsel anticipated. The hearing and conference will be conducted telephonically, with the Warden directed to arrange and initiate the conference call to the Court at (559) 499-5685. Both of Bolin's appointed attorneys shall be included in the call.

Among the issues the Court will consider at the case management conference are: the progress of the parties' discussion about stipulating to admission of the juror questionnaire responses, an overview of the parties' respective views on conducting pre-hearing depositions, and whether the currently agreed-upon time frame for conducting the evidentiary hearing in March of 2013 can be maintained in light of an anticipated change of counsel for Bolin.

The parties further are advised that there will be no further orders granting evidentiary development prior to the evidentiary hearing on Claim C2.

IT IS SO ORDERED.

DATE:   July 20, 2012                                  /s/ Lawrence J. O'Neill
                                                         Lawrence J. O'Neill
                                                       United States District Judge