UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>  Petitioner,<br>vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,<br><br>  Respondent. | Case No. 1:99-cv-05279 LJO<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>ORDER FOLLOWING PHASE IV CASE MANAGEMENT CONFERENCE<br><br>DATE: OCTOBER 3, 2012<br>TIME: 8:00 A.M.<br>COURTROOM 4 |

This matter came on for a Phase IV case management conference ("CMC") in the above-entitled court, the Honorable Lawrence J. O'Neill presiding. Petitioner Paul C. Bolin ("Bolin") was represented by his attorneys of record, CJA Attorney Robert D. Bacon, Assistant Federal Defender Allison Claire, and Assistant Federal Defender Brian Abbington. Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the "Warden") was represented by Deputy Attorney General Rachelle A. Newcomb. This CMC originally was convened on August 29, 2012, continued to September 10, 2012, and continued to the present date. All parties appeared telephonically.

The CMC was scheduled to address how the parties intend to prepare for the evidentiary hearing described in the Court's Order Re: Petitioner's Request for Evidentiary Hearing, Record Expansion and Merits Review, Amended Following Reconsideration (doc. 276, filed August 21, 2012). Specifically the Court granted an evidentiary hearing on that portion of Claim C for ineffective assistance of trial counsel due to their failure to renew a motion for change of venue in spite of alleged inflammatory pretrial publicity and alleged lack of impartiality among the prospective jurors.

Already before the Court on the issue of case management are: 1) a joint statement regarding the evidentiary hearing together with a proposed scheduling order (doc. 268, filed July 12, 2012);[1] 2) a stipulation with proposed order as to a protective order for the disclosure of the files of Bolin's trial attorneys (doc. 281, filed September 19, 2012);[2] and 3) the lodgement of a CD containing reproductions of the juror questionnaire responses of the prospective jurors for Bolin's trial (doc. 282, filed September 21, 2012).[3]

In the interim between the initial evidentiary hearing grant (doc. 261, April 27, 2012) and the date at which the this continued CMC originally convened (August 29, 2012), Ms. Claire was selected as the next magistrate judge for the Sacramento division of the Eastern District of California. All of the case management materials the Court previously received, especially the pre-hearing schedule and timing for the evidentiary hearing itself, appeared uncertain until Ms. Claire's replacement was assigned to Bolin's case. Mr. Abbington is Ms. Claire's replacement and it is the Court's understanding that he began working for the Eastern District of California Federal Defender's Office the week of September 24, 2012. At the CMC Mr. Abbington, Mr. Bacon, and Ms. Claire stated that the date previously scheduled for commencement of the evidentiary hearing, that is March 18, 2013, is still the target date. Moreover, Mr. Abbington is expected to assume the role and level of responsibility Ms. Claire assumed while Mr. Bacon's role and level of responsibility in the case will remain unchanged.

The parties discussed two initial issues on which they remain in disagreement. The first pertains to whether Bolin should be able to elicit testimony from *Strickland* expert James Thomson at the hearing. The second is whether the parties will stipulate that the jurors questionnaire responses will be admissible at the evidentiary hearing.[4] Ms. Newcomb also brought up the fact that the proposed scheduling order on the parties' previously filed (July 12, 2012) joint statement is incomplete due to the

---

[1] The Warden moved on the same day from reconsideration of the Court's original order granting an evidentiary hearing on the ineffective assistance of counsel portion of Claim C (doc. 261 filed April 27, 2012).

[2] The order granting a protective order pursuant to this stipulation was entered on September 28, 2012 (doc. 283).

[3] The CD was received by the Court on September 25, 2012.

[4] As stated above, the questionnaire responses have been lodged.

omission of two scheduled events. Both the Warden and Bolin, through counsel, agree that the omissions can be added to the existing proposed order and presented to the Court for approval and filing. Another area of disagreement discussed at the CMC involves whether the Warden will move to take the depositions of Bolin and this trial attorneys. Ms. Newcomb explained she has not reviewed files turned over to her by Bolin's counsel of Bolin's trial attorneys. After her completion of that review and contacting Bolin's trial attorneys, she will be in a position to present a motion or motions(s),[5] if necessary. The proposed scheduling order provides timing for discovery and other motions.

Upon completion of the discussion about case management issues, the Court excused Ms. Newcomb from further participation so the issue of a budget for Mr. Bacon could be discussed confidentially. An order filed under seal memorializes the confidential proceedings.

As to case management matters, the Court finds and orders as follows:

1. The parties are proceeding with preparation for the evidentiary hearing diligently and within the schedule they previously proposed.
2. The evidentiary hearing in this case will commence on March 18, 2013 at 1:30 p.m.
3. The duration of the hearing will be revisited during the intervening months.
4. The parties will present for filing a revised proposed scheduling order by Tuesday, October 9, 2012.
5. The Court advances proceedings on the Warden's objection to presentation of *Strickland* expert testimony at the deposition.
    a. The Warden's motion to exclude testimony of *Strickland* expert James Thomson by October 16, 2012.
    b. Bolin shall file his opposition to this motion by October 24, 2012.
    c. The Court shall conduct a telephonic hearing and entertain oral argument from the parties on October 29, 2012 at 1:30 p.m.

---

[5] Depositions of the trial attorneys would be justified on their refusal to be interviews by the Warden's litigation team and Bolin's deposition would be justified if he informed the decision of his trial attorneys regarding the jury selection process.

6. The Court advances proceedings on the parties' efforts to stipulate about the admission of the juror questionnaire responses.

    a. If the parties cannot agree to terms of a stipulation, a motion shall be filed by October 16, 2012.

    b. The opposition to this motion shall be filed by October 24, 2012.

    c. Along with the motion to exclude the *Strickland* expert, the Court shall conduct a telephonic hearing and entertain oral argument from the parties on October 29, 2012 at 1:30 p.m.

IT IS SO ORDERED.

Dated:   October 9, 2012

                                                     /s/ Lawrence J. O'Neill
                                                     Lawrence J. O'Neill
                                                     United States District Judge