UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>              Petitioner,<br>    vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,<br><br>              Respondent. | Case No. 1:99-cv-05279 LJO<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING RESPONDENT'S MOTION TO PRECLUDE TESTIMONY OF PETITIONER'S *STRICKLAND* EXPERT<br><br>DATE:    October 29, 2012 VACATED<br>TIME:    1:30 p.m. |

This matter is before the Court on the motion of Respondent Kevin Chappell, As Acting Warden of San Quentin State Prison to preclude the testimony of the designated *Strickland* expert[1] of Petitioner Paul C. Bolin ("Bolin") at the evidentiary hearing scheduled for March 18, 2013. The motion was anticipated after the October 3, 2012 case management conference and was timely filed on October 16, 2012. The opposition was scheduled to be filed on October 24, 2012 and a hearing was scheduled for October 29, 2012. The Court has determined the motion can be resolved without the benefit of Bolin's opposition and hereby denies the motion with prejudice. In addition, the Court orders that the testimony of Bolin's *Strickland* expert, that is James S. Thomson, will be limited in scope to explaining the legal standard of care and resources available to Kern County capital defense attorneys in 1989 through 1991.

## I.     Background

In Mr. Thomson's declaration (Bolin's Exhibit 72) he avers he has been practicing law since 1978 and has been involved in capital defense work nationwide, with a substantial share in California.

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

His work includes trials, appeals, habeas corpus petitions, and making presentations at capital defense seminars from the 1970s to the present. Because of his work on capital defense presentations and committees, including on the California Death Penalty Defense Manual and chair of the California State Bar board of legal specialization for criminal law, he avers he has "personal knowledge of the training and assistance that were available to California capital defense counsel at the time of Paul C. Bolin's case (1989-1991)."

Mr. Thomson's expertise is his knowledge of the many resources that were available to Bolin's trial attorneys from many different sources and organizations, including relevant 1989 ABA Guidelines, Standards for the Appointment of Counsel in Death Penalty Cases, published In 1987 by the National Legal Aide and Defender Association, the California Attorneys for Criminal Justice, and the California Public Defender's Association. After reviewing transcripts of pretrial proceedings relevant to jury selection in Bolin's case, including the motion to change venue, Mr. Thomson also has concluded that numerous aspects of the representation Bolin received from his trial attorneys, Charles Soria and William Cater, did not measure up to the standards established and practiced by members of the various resources. This latter information need not be given at the evidentiary hearing. As noted below, whether Messrs. Soria and Cater were or were not constitutionally ineffective is a decision for the Court.

**II.    The Warden's Objections to Mr. Thomson's Testimony**

The Warden asserts three separate reasons he believes the Court should preclude Mr. Thomson's testimony. First he claims the expert testimony is barred by AEDPA because Bolin's attorneys did not present Mr. Thomson's declaration (or either of the trial attorneys' respective declarations) to the California Supreme Court. Second he claims the Court should exercise its discretion to exclude Mr. Thomson's testimony because his testimony will not assist the Court in reaching the ultimate factual conclusion about the claim. Third, he maintains the Court should exercise its discretion to exclude Mr. Thomson's testimony because Mr. Thomson, himself, is not reliable for is reliance on the ABA Guidelines and the fact he recently was rebuked by the California Supreme Court in *In re Reno*, 55 Cal. 4th 428 (2012).

### A.     Mandatory Exclusion

As he did in his opposition to Bolin's evidentiary hearing request, the Warden again argues Bolin is barred from presenting the declarations of Mr. Thomson and Bolin's trial attorneys because he (Bolin) was not diligent in preparing them and did not present them to the California Supreme Court. He claims this asserted lack of diligence bars further consideration of the proffered evidence under 28 U.S.C. § 2254(e)(2).

The Court specifically addressed this issue at pages 52 through 53 of the Order Re: Petitioner's Request for Evidentiary Hearing, Record Expansion and Merits Review, Amended Following Reconsideration, document 276, filed August 21, 2012. The text of that Order applies here:

> The only remaining issue relevant to Bolin's request for an evidentiary hearing is satisfaction of the diligence requirements under § 2254(e)(2). The Court finds that given the procedural history of the case, including abandonment of Bolin's case by original state-appointed attorney Richard Gilman, the entry of two orders of equitable tolling of the limitations period while federal counsel developed federal claims to be presented in the state *and* federal petitions (Do. 71 an Doc. 85), and the approval of a case management plan and budget to fund the investigation, it would be anomalous for the Court now to find Bolin's attorneys were not diligent. Prior federal counsel Jolie Lipsig and Gary Wells exercised great persistence and diligence investigating Bolin's federal claims and presenting them before the limitations period expired. The controlling Supreme Court case on the issue of diligence, *(Michael) Williams* [*v. Taylor*], 529 U.S.423, unquestionably supports this finding. Diligence under § 2254(e)(2) is satisfied when the petitioner seeks an evidentiary hearing in state court, as Bolin did, and the state denies the request, as the California Supreme Court did here. *Id.* at 437.

The issue need not be revisited. The testimony of the attorney declarants proffered by Bolin is not barred by § 2254(e)(2) or any other part of AEDPA.

### B.     Discretionary Exclusion

Citing Federal Rule of Evidence 702, the Warden argues the Court should admit only expert testimony which is scientific, technical, or otherwise beyond what the average trier of fact would know. Separately he argues Mr. Thomson testimony will not be reliable.

#### 1.     Proffered Expert Testimony Will Be of No Assistance

The Warden maintains that since the "specialized" information Bolin wishes to present with Mr. Thomson's testimony pertains only to legal defense standards, the subject matter is not beyond the scope of the Court's knowledge and the Court already is capable of assessing the issues under *Strickland*. He further argues the Ninth Circuit has stated that "[e]xpert testimony is not necessary to determine claims

1  of ineffective of assistance of counsel." *Earp v. Cullen*, 623 F.3d 1065, 1075 (9th Cir. 2010) (citing
2  *Hovey v. Ayers*, 458 F.3d 892, 910 (9th Cir. 2006)).

3        The Warden's citation to this quote from *Earp* is misleading.  In that case, the district court
4  excluded the *Strickland* expert from offering an opinion on whether the trial attorney performed
5  ineffectively.  The district court did, however, permit the expert to give testimony about what competent
6  trial counsel in a death penalty case should have done at the time of the petitioner's trial.  *Id*.  The Court
7  of Appeals agreed with this approach and quoted the *Hovey* opinion as noted in the Warden's moving
8  papers.  There was never a suggestion in either opinion, however, that the testimony of a *Strickland*
9  expert would not be helpful to a district court in determining what the standard of care was at the time
10 of a petitioner's trial or, as in the present case, what resources were available to assist reasonable counsel
11 at the time of a petitioner's trial.  Contrary to the Warden's assertion, the Court will benefit from a
12 recitation of the applicable legal standard at the time of Bolin's trial.

13           **2.**      **Proffered Expert Testimony Is Not Reliable**

14       The bases for the Warden's argument that Mr. Thomson's testimony will not be reliable are
15 twofold: first Mr. Thomson relies upon the 1989 ABA Guidelines and second he was found to have
16 lacked expertise in applying ineffective assistance of counsel principles before the California Supreme
17 Court in the *Reno* case.  In support of the first position, the Warden cites to *Bobby v. Van Hook*, 558 U.S.
18 4, 130 S. Ct. 13 (2009), where the high Court criticized the Sixth Circuit Court of Appeals for holding
19 the ABA Guidelines up as "execrable commands with which all capital defense counsel must fully
20 comply," rather than "merely as evidence of what reasonably diligent attorneys would do."  *Id*. at ___,
21 130 S. Ct. at 17.  This statement, on its face has nothing to do with the exercise of discretion to admit
22 *Strickland* testimony, even in reliance on ABA Guidelines.  Rather it has to do with how a lower court
23 misused the evidence admitted.  Notably, in the *Van Hook* case, the Sixth Circuit also relied on the 2003
24 ABA Guidelines, which were announced 18 years after Robert Van Hook was convicted.

25       The Warden also points out that California Supreme Court in *Reno*, 55 Cal. 4th at 467, stated
26 the ABA rules were unnecessary and incongruent with constitutional standards for effective legal
27 representation.  In reading the excerpt from which this citation is taken, however, it is clear the
28 proposition advanced by the Warden is unsupported.  The context for the California court's statement

was the propriety of reasserting procedurally defaulted claims in successive petitions. The attorneys representing Mr. Reno[2] asserted that the ABA Guidelines urged capital defense lawyers to reassert defaulted claims. The California Supreme Court was unpersuaded by this argument.

Although Mr. Thomson and his co-counsel in the *Reno* case were found to be incorrect in their reliance on the ABA Guidelines on the matter of reasserting defaulted claims in state court, the issue is wholly irrelevant to whether ABA Guidelines would be relevant to what reasonably diligent Kern County counsel would do in 1989 through 1991 when faced with a change of venue issue like the one Messrs. Soria and Cater confronted in Bolin's case. The ABA Guidelines argument, both as presented in the *Van Hook* case and the *Reno* case is unpersuasive. The Court can only conclude that the Warden either failed to read carefully the cited cases or has attempted to mislead. Both possibilities are unacceptable.

The argument regarding the California Supreme Court's separate rebuke of Mr. Thomson in the *Reno* case for abuse of the writ, is similarly inapposite. In the body of the opinion, the California court notes the petition in question was Mr. Reno's second state petition, 500 pages long, and raised 143 separate claims, nearly all of which either were not cognizable or procedurally barred. The abuse of the writ description was applied to the petition because it advanced so many claims that had been denied previously by the same court (*Waltreus* bar)[3] or which should have been raised previously with no accompanying explanation for why they were not so raised (*Dixon* bar).[4] *Id*. at 443.

The Warden then proceeds to catalogue how the California court called out the conduct it found abusive of Mr. Thomson (and his co-counsel in the *Reno* case).[5] Among the examples the Warden mentions is that Mr. Thomson had a "ethical duty" under California Business and Professions Code § 6088, "to notify the court if an issue in the petition [wa]s procedurally barred," and he failed to do so.

---

[2] Mr. Thomson's co-counsel in the *Reno* case were Saor Stetler and Peter Gianini. All three attorneys were rebuked equally in the *Reno* case.

[3] *In re Waltreus*, 62 Cal. 2d 281, 225 (1965).

[4] *In re Dixon*, 41 Cal. 2d 756, 759 (1953).

[5] In fact the California court never singled out any of the attorneys by name. It refers to Mr. Reno's attorneys simply as "present counsel."

The Warden refers to this failure as grounds for finding Mr. Thomson lacking in credibility. In other instances, the California court referred to allegations in Mr. Reno's petition as "demonstrably untrue on their face" or "demonstrably false," citing *id*. at 488 and 501. These statements relate to the reassertion of Mr. Reno's double jeopardy claim under the ineffective assistance of appellate counsel umbrella and reassertion of a *Brady* claim[6] for the prosecutor's failure to reveal alleged impeachment evidence about a prosecution witness. Regarding the double jeopardy claim, contrary to the allegations in the petition about all the failures of Mr. Reno's appellate attorney, the California Supreme Court found that the appellate attorney had adequately raised the double jeopardy claim, citing appropriate authority in the process. Similarly, with respect to the *Brady* claim the state court found that the second petition iteration of the claim was virtually identical to the first iteration (in the original state habeas petition) and that the allegations claiming new law and facts had been located were false. The court then went on say that this kind of "unexplained repackaging of prior claims" was a way of trying to mislead the court. *Id*. at 501. The Warden attributes solely to Mr. Thomson the failure to refute or distinguish binding authority and disregarding his duty not to mislead the judge or any judicial officer by artifice or false statement of fact or law. *Id*. at 501. There are more examples of the abuse of the writ in the same vein.

None of these examples, disturbing as they are from an administrative standpoint in resolving death penalty cases, demonstrates a lack of expertise in Mr. Thomson's ability to apply ineffective assistance of counsel principles. Nor are they relevant to Mr. Thomson's qualifications as a legal expert capable of explaining legal standards of practice and resources available during Bolin's trial. Again, the Court must conclude that either the Warden failed to read carefully the *Reno* opinion for context or he too is attempting to mislead.

### C. Limited Scope of Mr. Thomson's Testimony

While the motion is not well taken, the Court nevertheless places a limit on the scope of Mr. Thomson's anticipated testimony at the evidentiary hearing. That is, his evidentiary contribution shall be circumscribed to explaining the legal standard of care and resources available to Kern County capital defense attorneys in 1989 through 1991. It is unnecessary for him to render an opinion on whether

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

Messrs. Soria and Cater were constitutionally ineffective. That is a conclusion that requires judicial determination based on the relevant standard of care and attorney conduct. Nor will the Court permit Mr. Thomson to testify about the prejudice Bolin may have suffered as a result of the alleged incompetence of his trial attorneys. That determination is *always* for the Court and based on the evidentiary record as well as argument of counsel. Should Bolin object to this limitation he will be given an opportunity to be heard on the issue, as set forth below.

### III.  Order

In light of the foregoing:

1. The Warden's motion to exclude the testimony of Bolin's *Strickland* expert, Mr. Thomson, is denied with prejudice.

2. The hearing on the motion is vacated.

3. The Warden and his attorneys are admonished that inapposite case citations, whether intentional or inadvertent, are disapproved.

4. The anticipated testimony of Mr. Thomson will be limited to an explanation of the legal standard of care and resources available to Kern County capital defense attorneys in 1989 to 1991.

5. Should Bolin object to the testimonial limitation established by the Court, he may file papers explaining his objection within 5 (five) calendar days from the filing of this Order.

IT IS SO ORDERED.

Dated:   October 19, 2012

                                                        /s/ Lawrence J. O'Neill
                                                        Lawrence J. O'Neill
                                                     United States District Judge