UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, <br><br>        Petitioner, <br><br>vs. <br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison, <br><br>        Respondent. | Case No. 1:99-cv-05279 LJO <br><br>DEATH PENALTY CASE <br><br>ORDER RE: RESPONDENT'S OFFER OF PROOF |

This matter is before the Court following the response filed by Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the "Warden") to the Court's February 14, 2013 Minute Order about evidence the Warden seeks to introduce at the upcoming March 18, 2013 evidentiary hearing. The impetus for the Minute Order was a motion filed by condemned inmate John Lee Holt to intervene in the evidentiary hearing in light of certain documents included in the evidence the Warden seeks to introduce which pertain to Mr. Holt's state trial preparation (the "Holt Exhibits").

**I.   Background**

Mr. Holt was convicted and sentenced to death on May 30, 1990 by the Kern County Superior Court. He was represented at trial by Charles Soria and George Peterson. Mr. Holt's case is pending before this Court under Case No. 1:97-cv-6210 AWI and an evidentiary hearing was granted in that case on March 4, 2004.[1] Both Mr. Soria and Mr. Peterson originally were appointed to represent Petitioner

---

[1] Although preparations to proceed with that hearing were made within the months following the order, the proceedings were held in abeyance on November 21, 2008 due to Mr. Holt's incompetence to assist counsel.

herein, Paul C. Bolin ("Bolin"), which they did until July 30, 1990, when Mr. Peterson was relieved and William Cater was appointed to serve as Mr. Soria's co-counsel.

The proceedings in Bolin's case which give rise to the venue and jury selection disputes at issue in the evidentiary hearing involve voir dire from November 5, 1990 to December 3, 1990 and the failure of Messrs. Soria and Cater to renew the change of venue motion previously heard and reserved by the trial court on November 1, 1990. The sole issue to be determined at the March 18, 2013 evidentiary hearing is whether Messrs. Soria and Cater provided constitutionally deficient representation by their failure to renew the change of venue motion. The inquiry of that issue is limited to whether the jury selection process disclosed presumed prejudice on the part of the prospective jurors occasioned by pretrial publicity, including, the January 7, 1990 broadcast of the *America's Most Wanted* program, featuring Bolin's crime.

**II.     Evidence to be Offered at the Evidentiary Hearing Pertaining to John Lee Holt**

The Holt Exhibits consist of three documents designated by the Warden, as follows: the *Community Attitude Survey* conducted in advance of Mr. Holt's trial; the billing records of Varinsky and Associates for the Holt Survey; and excerpts from Mr. Holt's Exhibit 178 to his state petition, comprised of questions Mr. Holt's state counsel posed to Mr. Soria about his representation, limited to jury selection and venue issues. The Warden also has designated four witnesses who were involved with both Bolin's and Mr. Holt's respective cases: Mr. Soria, Howard Varinsky, the proprietor of Varinsky and Associates, Paul Strand, Mr. Varinsky's associate, and Bruce Binns, Mr. Soria's investigator.

**III.    Minute Order Directive**

The February 14, 2013 Minute Order directed the Warden to provide:

1.   An offer of proof to establish the relevance of the Holt Exhibits;

2.   An offer of proof to establish the need to have witnesses testify about the Holt Exhibits (unless it is for foundation only);

3.   If the offer of proof for witness testimony the Holt Exhibits is to establish foundation, whether a stipulation has been sought;

      4.      Whether questioning of Charles Soria, Howard Varinsky,[2] and/or Bruce Binns will touch upon their respective impressions or opinions about Mr. Holt's trial, and if so, why; and

      5.      The identity of the person who has the power to enter into a stipulation to allow Mr. Holt, through counsel, to intervene, if needed.

**IV.**    **Analysis of the Warden's Responses**

The responses of each of the directives are addressed and analyzed separately.

    **A.**    **Relevance of the Holt Exhibits**

The requested offer of proof for the Holt Exhibits begins with a narrative by the Warden about similarities between Bolin's and Mr. Holt's respective cases. That is, Mr. Soria retained Howard Varinsky and Associates to conduct community attitude surveys in both cases. The Warden further notes that Mr. Holt's case concluded during the preliminary phases of Bolin's trial and that Mr. Binns was Mr. Soria's investigator in both cases. He offers that the Holt Exhibits will provide an understanding about whether Mr. Soria's strategic decisions in Bolin's case were reasonable and informed. He claims that discussions Mr. Soria had with Mr. Varinsky and Dr. Strand about venue motions generally, as well as advice he received in conjunction with Holt's survey results informed his (Mr. Soria's) strategic decision making regarding the same matters in Bolin's case. Finally he argues that Mr. Soria's prior experience and prior knowledge base in an immediately preceding death penalty case which also raised issues pertaining to venue necessarily enlighten whether his strategic decision not to renew the venue change motion in Bolin's case was reasonable and informed.

This explanation falls short. The issue is not whether the *Community Attitude Survey* or discussions about the *Community Attitude Survey* informed any tactical decision on the part of Messrs. Soria and Cater not to renew the change of venue motion in Bolin's case. Rather, the issue is whether the jury selection process disclosed sufficient evidence of prejudice such that a reasonable defense attorney would have renewed the venue motion that had been reserved by the trial judge. The *Community Attitude Survey* in Bolin's case is not the focus of the inquiry.

---

[2] Paul Strand was not mentioned in Mr. Holt's Motion to intervene and not in the Minute Order, but the Warden does address the relevance of his testimony.

With the *Community Attitude Survey* in Bolin's case of only marginal relevance, it is difficult to see how the Holt exhibits have any relevance at all. Moreover, whereas Messrs. Soria and Cater commissioned the *Community Attitude Survey* and subsequently moved for a change of venue in Bolin's case largely because he was featured on the *America's Most Wanted* program, no venue change motion was advanced in Mr. Holt's case, even though Mr. Soria commissioned a *Community Attitude Survey* in that case as well.

Having failed to demonstrate the relevance of the Holt exhibits, the Warden will be precluded from introducing them.

### B. The Need to Have Witnesses Testify About the Holt Exhibits

As to this directive, the Warden refers to his previous explanation about how Mr. Soria's prior experience, knowledge, and consultation with Mr. Varinsky and Dr. Strand regarding venue issues in Mr. Holt's case will shed light on the reasonableness of his decision not to renew the venue change motion in Bolin's case.

In light of the decision of the Court not to admit the Holt Exhibits, reference to proceedings in Mr. Holt's trial are unnecessary and will be limited, except, perhaps, to indicate that Mr. Soria had a prior working relationship with Mr. Varinsky. The ancillary directive concerning foundational testimony for the Holt Exhibits and a stipulation about foundation is moot.

### C. Whether Questioning of Messrs. Soria, Varinsky, Binns, and Dr. Strand Will Touch upon their Respective Impressions about Mr. Holt's Trial, and if so Why.

Except to the extent questioning of Messrs. Soria, Varinsky, and Dr. Strand will clarify the reasonableness of Mr. Soria's representation in Bolin's case, the Warden does not intend to elicit testimony about the impressions any of these witnesses may have had about Mr. Holt's case. As for Mr. Binns, the Warden does not intend to proffer any questions regarding his impressions about Mr. Holt's case.

This explanation is satisfactory. The Court is concerned, however, about emphasis on the *Community Attitude Survey* in the Warden's presentation of evidence. If Mr. Binns is to testify, the Court directs the Warden to provide a written offer of proof of his testimony.

**D.   Identity of the Person with Power to Enter into a Stipulation**

The Warden explains that his principal attorney, Deputy Attorney General Rachelle Newcomb, does have authority to stipulate to the proposed intervention of Mr. Holt at the evidentiary hearing, but not the power to authorize it, since that power is reserved for the Court. Ms. Newcomb has not stated whether she *does* stipulate to Mr. Holt's intervention, but the Court understands from the tone of the Warden's response that she will do so. Mr. Holt's attorneys have offered to draft and submit the stipulation.

**V.   Order**

The Court will refuse introduction of all of the following documents on the parties Joint Final Exhibit List (doc. 320) filed on February 21, 2013:

<u>Item 28</u>. Documents from *People v. John Lee Holt*

    a.   Kern County Attitude Survey (Kern County Superior Case No. 39910)

    b.   Howard Varinsky Billing Records (Kern County Superior Court Case No. 39910)

    c.   Excerpts from Petitioner's Exhibit 178 in support of Petition for Writ of Habeas Corpus (California Supreme Court Case No. S057078)

In light of this ruling, foundational testimony about the Holt Exhibits is unnecessary, and other witness testimony will be limited. If investigator Bruce Binns is to be called as a witness, the Warden shall file a written offer of proof of his proposed testimony by February 28, 2013.

The Court directs the parties (or Mr. Holt) to prepare and file a stipulation and proposed order concerning Mr. Holt's intervention by March 4, 2013.

IT IS SO ORDERED.

Dated:   February 22, 2013

                                              /s/ Lawrence J. O'Neill
                                                 Lawrence J. O'Neill
                                          United States District Judge