UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>    Petitioner,<br>vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:99-cv-05279 LJO<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING RESPONDENT'S SECOND MOTION FOR RECONSIDERATION OF ORDER GRANTING PETITIONER A LIMITED EVIDENTIARY HEARING<br><br>HEARING DATE: APRIL 15, 2013 VACATED |

This matter is before the Court on the renewed motion for reconsideration filed by Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the "Warden") on March 15, 2013. The opposition from Petitioner Paul C. Bolin ("Bolin") has been scheduled for April 1, 2013. The Court, however, is able to resolve this motion without input from Bolin and without argument.

Relying on *Walker v. Martel*, ___ F.3d ___, 2013 WL 848293 (9th Cir. Mar. 7, 2013), and *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733 (2011), the Warden argues this Court improperly supplanted the presumed prejudice analysis of *Styers v. Schriro*, 457 F.3d 1026 (9th 2008) for the prejudice requirement of *Strickland v. Washington*, 466 U.S. 668 (1984). Utilizing one of two correct avenues for determining a different outcome in the proceedings, the Warden argues the matter must be resolved against Bolin without a hearing. First, the Warden argues is that "there is no evidence indicating that the jurors who served on Petitioner's jury could not be fair and impartial." Second he maintains that because both the guilt phase and penalty phase prosecution cases were so strong the ultimate verdicts of guilt and death would not have been different.

The Warden is mistaken on two fronts. First, the Court has not overlooked *Strickland* prejudice by ordering an evidentiary hearing. Rather the determination of whether there is presumed prejudice occasioned by pretrial publicity will inform *Strickland* prejudice. Second, the Warden is focused on the incorrect stage of the proceedings for determining whether there would be a different outcome in the proceedings.

The issue here is whether, because of ineffective assistance of counsel, Bolin was deprived of his Sixth Amendment right to an impartial jury. This right to an impartial jury, in turn, is considered "fundamental" to our system of justice. *See United States v. Montes*, 628 F.3d 1183, 1187 (9th Cir. 2011). And because the right to an impartial jury is fundamental to our system of justice, it is not subject to harmless error analysis. *Rose v. Clark*, 478 U.S. 570, 578 (1986) (holding that harmless error analysis "presupposes a trial, at which the defendant, represented by counsel, may present evidence and argument before an impartial judge and jury"). That is, deprivation of the right to be tried by an impartial jury is structural error.

The *Strickland* prejudice prong that must be established in this case is whether it is reasonably likely that venue from Kern County would have been changed had Bolin's attorneys renewed the motion so that Bolin could be tried by an impartial jury. The Warden is mistaken to jump all the way to the ultimate outcome of the case. His approach ignores the importance and fundamental nature of an impartial jury. The claimed deficient attorney performance affects this fundamental right. Therefore the *Strickland* prejudice prong also must focus on this right. The Supreme Court's opinion in *Moore, supra*, 131 S.Ct. 733, bears out the notion that a different outcome in the proceeding doesn't necessarily call for assessing the relative merits of the prosecution case. In that case, the threshold for *Strickland* prejudice was described as whether but for counsel's errors, the petitioner would have pleaded not guilty and insisted on going to trial. *Id*. at 743.

In Bolin's case, the Court does not yet know whether there is a reasonable probability venue would have been changed had counsel renewed the motion because the matter of presumed prejudice among the jurors has not been determined. In the evidentiary hearing order, the Court found that Bolin had made out a prima facie case of "presumed prejudice" of the prospective (and actual) jurors and that because of this presumed prejudice, his attorneys should have renewed the change of venue motion. The

issue of "presumed prejudice" is what the Court will decide following the evidentiary hearing.  Only then, can the Court determine whether there is a reasonable probability venue would have been changed had Bolin's attorneys renewed the motion.

The Warden's second, renewed motion for reconsideration of the August 12, 2012 order granting Bolin a limited evidentiary hearing IS DENIED.  The hearing set for April 15, 2013 IS VACATED.

IT IS SO ORDERED.

Dated:   March 21, 2013

                                               /s/ Lawrence J. O'Neill
                                               Lawrence J. O'Neill
                                               United States District Judge