UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>            Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>            Respondent. | Case No. 1:99-cv-05279-LJO-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING PETITIONER'S RULE 59(e) MOTION<br><br>(Doc. No. 352)<br><br>(CASE TO REMAIN CLOSED) |

Before the court is petitioner's motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the June 9, 2016 judgment entered upon memorandum and order (hereinafter "Order") by granting or conducting further proceedings on claim C2 and by expanding the partial Certificate of Appealability ("COA") to include claims I1-I12, I14-I17, W1 and W3-W9.

Respondent filed an opposition to the motion. Petitioner replied to the opposition.

The court previously vacated an August 9, 2016 hearing on the motion. (*See* Doc. No. 353.) Based on the facts of this case and controlling law, the motion is amenable to decision without a hearing.

**I. BACKGROUND**

The court set forth the factual and procedural history of this case in its June 9, 2016 Order and will not repeat it here in full, but will provide a summary where relevant to the motion before

1

the court.

The underlying petition raised 31 claims including subclaims asserting trial court error, insufficient evidence, prosecutorial misconduct, denial of counsel, and ineffective assistance of counsel based on allegations that petitioner did not commit multiple first degree murder in the killings of Vance Huffstuttler and Steve Mincy and that the jury was exposed to excessive and prejudicial pretrial publicity.

On June 9, 2016, the court entered judgment on the Order: dismissing without prejudice unexhausted allegations, denying claim C2 following limited evidentiary hearing, denying further record expansion and evidentiary hearing, denying record based claims A, B, and D through FF, denying the amended petition for writ of habeas corpus, and issuing a COA for claims C2, I13, L (L1-L4) & W2. (*See* Doc. Nos. 350 & 351.)

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows a district court to alter, amend, or vacate a prior judgment. Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *See 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999); *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011).

The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (*quoting York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). To this end:

> Rule 59(e) does not list specific grounds for a motion to amend or alter; hence, the district court enjoys considerable discretion in granting or denying the motion. [Citation] In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. [Citation] Other, highly unusual circumstances, also may warrant reconsideration. [Citation]

2

>At the same time, however, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. [Citation] Therefore, a party raising arguments or presenting evidence for the first time when they could reasonably have been raised earlier in the litigation ... raises the concern that it has abused Rule 59(e). [Citation] Ultimately, a party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. [Citation]
>
>As is abundantly clear, amending a judgment after its entry remains an extraordinary remedy. [Citation] The Ninth Circuit thus has repeatedly cautioned that such an amendment should be used sparingly. [Citation] Amendment of judgment is sparingly used to serve the dual interests of finality and conservation of judicial resources. [Citation] It stands to reason then that plaintiff, as the moving party here, has a high hurdle. [Citation] Moreover, denial of a motion for reconsideration under Rule 59(e) will not be reversed absent a showing of abuse of discretion. [Citation]
>
>. . .
>
>Manifest error is, effectively, clear error, [Citation] such that a court should have a clear conviction of error. [Citation] Thus, mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice. [Citation] To be clearly erroneous, a decision must strike a court as more than just maybe or probably wrong; it must be dead wrong. [Citation]
>
>Within the Ninth Circuit, courts also have looked to Black's Law Dictionary, stating that a manifest error of fact or law must be one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220-21, 231 (D. Ariz. 2012); *see also* Local Rule 230(j).

## III. DISCUSSION

**A.     Jurisdiction**

The Federal Rules of Civil Procedure apply in habeas corpus proceedings only "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases]." Rule 12, Rules Governing § 2254 Cases; *see also* Fed. R. Civ. P 81(a)(4).

The Supreme Court has not addressed whether or how Rule 59(e) is to be applied in federal habeas corpus cases subject to the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). *See Row v. Beauclair*, No. 1:98-CV-00240-BLW, 2015 WL 1481416, at *5 (D. Idaho Mar. 31, 2015).

3

In the Ninth Circuit, a timely Rule 59(e) motion that asks the district court to correct manifest errors of law or fact upon which the judgment rests should not be construed as a second or successive habeas petition. *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016).

The instant motion does not appear to raise an argument or ground for relief that was not raised in the initial habeas petition. However, the court need not decide whether the motion constitutes a second or successive habeas corpus application under 28 U.S.C. § 2244 because the motion fails on the merits. *See Liggins v. Brazelton*, No. 2:09-CV-01777 GEB EFR 2013 WL 950352, at *1 (E.D. Cal. Mar. 11, 2013) (whether and/or when a Rule 59(e) motion for reconsideration may constitute a second or successive habeas corpus application under 28 U.S.C. § 2244 need not be decided since petitioner has not made an adequate showing on the merits of his request for reconsideration).

**B.     Analysis**

   1.     Reconsideration of Claim C2

Petitioner asks the court to reconsider its denial of claim C2 which alleges defense counsel was ineffective by failing to renew his change of venue motion following voir dire of the jury and in spite of alleged inflammatory pretrial publicity and alleged lack of impartiality among the prospective jurors. (*See* Doc. No. 352 at 2:5-3:15; Doc. No. 113 at ¶¶ 85-151; Doc. No. 178 at 75-95.)[1]

   **a.     Clearly Established Law**

The Sixth Amendment right to effective assistance of counsel, applicable to the states through the Due Process Clause of the Fourteenth Amendment, applies through the sentencing phase of a trial. U.S. Const. amend. VI; U.S. Const. amend. XIV, § 1; *Gideon v. Wainwright*, 372 U.S. 335, 343-45 (1963); *Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002).

*Strickland v. Washington* provides the clearly established law governing ineffective

---

[1] Unless otherwise indicated, throughout this order, "CT" refers to the Clerk's Transcript on Appeal, "RT" refers to the Reporter's Transcript on Appeal, "EH" refers to evidentiary hearing held May 14, 2013, "EH Ex" refers to joint final exhibit at the evidentiary hearing, "Supp. RT" refers to the Supplemental Reporter's Transcript on Appeal, "CSC" refers to the California Supreme Court, and "SHCP" refers to state habeas corpus petition. Other transcripts are referenced by date. Reference to page numbering is to ECF system numbering except Bates numbering is used for the CT. Any reference to state law is to California law unless otherwise noted.

4

1  assistance of counsel claims. 466 U.S. 668 (1984); *see also Gentry v. Sinclair*, 705 F.3d 884, 899
2  (9th Cir. 2013) (evaluating an ineffective assistance claim under AEDPA using *Strickland*'s two-
3  pronged test). In *Strickland*, the Supreme Court made clear "[t]he benchmark for judging any
4  claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning
5  of the adversarial process that the trial cannot be relied on as having produced a just result." 466
6  U.S. at 686. The Court then established a two pronged test for meeting that standard: an
7  individual must show "counsel's performance was deficient" and "the deficient performance
8  prejudiced the defense." *Id.* at 687. "Surmounting *Strickland*'s high bar is never an easy task."
9  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

          **b.**     **Analysis**

Petitioner does not set forth any basis that warrants reconsideration. As a preliminary matter, petitioner may not support his request for reconsideration by incorporating previously denied claims as to which reconsideration is not sought. (*See* Doc. No. 352 at 2, n.1.) Claims previously denied for which reconsideration is not sought cannot alone serve as a basis for Rule 59 relief. *Teamsters*, 282 F.R.D. at 231-32.

Petitioner does not argue newly discovered evidence or intervening change in controlling law. Nor has he demonstrated that the court committed clear error of law or fact, or manifest injustice. Rather, petitioner reiterates the same arguments and re-litigates the same issues the court already considered in denying the claim. Petitioner's arguments in support of reconsideration of claim C2 are discussed separately below.

          *(i)*     *Unwilling, Disloyal, Incompetent Counsel*

Petitioner argues the court erred by "failing to address [his] allegation that trial counsel Charles Soria's unwillingness to represent [petitioner] adversely affected every aspect of the trial." (Doc. No. 352 at 2:13-15, *citing* Am. Pet., Doc. No. 113 at ¶ 62.) He argues the court focused upon "Mr. Soria's almost ten years' experience as a criminal defense attorney at the time, his experience as a counsel in fifteen prior murder cases and three prior capital cases," (Doc. No. 352 at 2:15-17), and ignored that Mr. Soria was an unwilling, incompetent and disloyal attorney who attempted to withdraw several months before trial (*see* Am. Pet., Doc. No. 113 at ¶¶ 49-64).

This argument does not state any basis for reconsideration. Petitioner simply reiterates the same arguments and re-litigates the same issues the court already considered in denying claim C2 following limited evidentiary hearing. (*See* Doc. No. 350 at 21-43, 45-47.) This is improper. "Reconsideration should not be used merely to ask the court to rethink what it has already thought." *Clarke v. Upton*, No. 1:07-CV-0888 AWI-SMS, 2012 WL 6691914, at *1 (E.D. Cal. Dec. 21, 2012); *see also Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2011) ("[R]ecapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

### (ii) *Meritorious Venue Change Motion*

Petitioner argues the court erred in finding that trial counsel "could reasonably have believed that a renewed venue change motion would have been denied given the facts of his case." (Doc. No. 352 at 3:12-13.) He argues the court failed to account for trial counsel's deficient investigation of facts underlying the change of venue motion. He argues that Mr. Soria's ambivalence toward petitioner led to inadequate development and presentation of unspecified media coverage evidence that could have supported the venue change motion. He argues that as a result defense counsel "improperly and prematurely conceded that change of venue wouldn't be appropriate but for the America's Most Wanted program." (Doc. No. 352 at 3:7-11.)

However, petitioner re-argues and re-litigates the same issues the court already considered in denying claim C2 following limited evidentiary hearing. (*See* Doc. No. 350 at 21-43, 45-47.) This is not a basis for reconsideration. *Clarke*, 2012 WL 6691914, at *1.

### (iii) *Jury Selection Strategy*

Petitioner argues the court "mistakenly credited" defense counsel Soria's testimony that the defense was more concerned with avoiding "pro-death penalty" jurors than avoiding jurors who had been exposed to the America's Most Wanted television program. (Doc. No. 355 at 2:3-10.) In support of this argument, he states that the trial record shows defense counsel repeatedly made "for cause" challenges of prospective jurors who had favorable death penalty views and who had watched the program. (*Id.*)

Here again, petitioner merely re-argues and re-litigates issues the court already considered in denying claim C2 following limited evidentiary hearing.  (*See* Doc. No. 350 at 31-36.)

2. Reconsideration of Certificate of Appealability for Claims I and W

Petitioner asks the court to reconsider its denial of a COA for claims I1-I12, I14-I17 (alleging ineffective assistance at the guilt phase) and for claims W1 and W3-W9 (alleging ineffective assistance at the penalty phase).  (*See* Doc. No. 113 at ¶¶ 236-89, 299-319, 708-13, 718-88.)

### a. Clearly Established Law

Unless a circuit justice or judge issues a COA, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).  A district court must issue or deny a COA when it enters a final order adverse to the applicant. *See* Rule 11(a), Rules Governing § 2254 Cases.

A COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El,* 537 U.S. at 336 (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  A COA should issue if the petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  *Slack,* 529 U.S. at 483–84.

In determining these issues, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  *Miller–El,* 537 U.S. at 338.

### b. Analysis

Petitioner does not set forth any newly discovered evidence or intervening change in controlling law, or demonstrate that the court committed clear error of law or fact, or manifest injustice.  Instead petitioner largely re-argues and re-litigates the same issues the court already

considered in denying these claims and COA. As noted, this is not a basis for reconsideration. *Clarke*, 2012 WL 6691914, at *1; *Arteaga*, 733 F. Supp. 2d at 1236. Petitioner's arguments are discussed separately below.

*(i) COA regarding Guilt and Penalty Phase Ineffective Assistance Claims*

Petitioner argues jurists of reason could debate whether the California Supreme Court in denying these claims unreasonably determined facts in light of the evidence presented in the state court proceeding. In support of this argument, he states the California Supreme Court's opinion on direct appeal, *People v. Bolin*, 18 Cal. 4th 297 (1998), *as modified on denial of reh'g* (Aug. 12, 1998), portions of which were quoted in the court's June 9, 2016 Order, (*see* Doc. No. 352 at 5:12-16, 6:21-22), did not consider the evidentiary proffer that was before the California Supreme Court on habeas review.

However, petitioner raised these same claims in his state petition for writ of habeas corpus which was summarily denied on the merits by the California Supreme Court based on the record then before that court. (*See* CSC Order Den. Pet. Habeas Corpus.) It remains that these claims, fully adjudicated in state court, fail to pass through the § 2254(d) gateway for the reasons stated by the court in its June 9, 2016 Order. (*See* Doc. No. 350 at 75-138, 247-84); *see also Frye v. Warden, San Quentin State Prison*, No. 2:99-CV-0628 KJM CKD, 2015 WL 300755, at *41 (E.D. Cal. Jan. 22, 2015) ("[T]he question under § 2254(d) is not whether this court finds the petitioner has established a prima facie case, but whether no reasonable jurist could have found otherwise.").

Petitioner has not demonstrated the court erred in determining that he has not made a substantial showing of the denial of a constitutional right, i.e., that reasonable jurists could debate denial of the claims and whether a COA should have issued for these claims.

*(ii) COA regarding Guilt Phase Ineffective Assistance Claims*

Petitioner argues the court erred in denying a COA for the guilt phase ineffective assistance claims because jurists of reason could debate the significance of record facts relating to witness impeachment (Eloy Ramirez), witness preparation (Dr. Markman) and the guilt phase

8

investigation (certain billing records of defense investigator Binns). (*See* Doc. No. 352 at 6:10-8:5.) However, the court previously considered and rejected these same arguments when denying these claims and a COA.

These claims, fully adjudicated in state court, fail to pass through the § 2254(d) gateway for the reasons stated by the court in its June 9, 2016 Order. (*See* Doc. No. 350 at 75-138); *see also Frye*, 2015 WL 300755, at *41. Petitioner has not demonstrated the court erred in determining that he has not made a substantial showing of the denial of a constitutional right, i.e., that reasonable jurists could debate denial of these claims and a COA for them.

*(iii)* *COA regarding Penalty Phase Ineffective Assistance Claims*

Petitioner argues the court committed multiple errors in denying a COA for the penalty phase ineffective assistance claims. (*See* Doc. No. 352 at 8:10-15:10.) First, he argues that claim W2 (alleging defense counsel Cater was ineffective by seeking only a two week continuance to complete his death penalty defense), for which a COA was issued, cannot be resolved on appeal unless the merits of all the noted penalty phase ineffective assistance claims (alleging defense counsel's inadequate investigation of mitigating and aggravating evidence, inadequate witness preparation and impeachment and failure to object to trial court error and prosecutorial misconduct) are also decided on appeal. He argues on this basis that a COA should issue for all the noted penalty phase ineffective assistance claims.

However, petitioner's speculation that a continuance of longer than two weeks would not have been necessary absent counsel's alleged penalty phase deficiencies is not alone a basis for the court to find its denial of these claims and a COA was debatable or wrong. S*ee 28* § 2253(c)(2); *Miller–El,* 537 U.S. at 338. Moreover, as the court noted in its June 9, 2016 Order, a petitioner seeking a COA "is not required to prove the merits of his case [.]" (*See* Doc. No. 350 at 303:18 *citing Miller-El*, 537 U.S. at 338.) The court is not persuaded that the sufficiency on appeal of claim W2 is alone a basis to issue a COA for the noted separate claims.

Second, petitioner argues jurists of reason could disagree whether the state court's denial of these claims was reasonable given defense counsel's reliance upon the guilt phase competency evaluation of Dr. Markman as a basis to forego penalty phase mental defense investigation. He

9

1  revisits his arguments previously rejected by this court that defense counsel was deficient because
2  Dr. Markman reviewed only limited information and that defense counsel was on notice
3  petitioner may have been mentally impaired. It remains that these claims, fully adjudicated in
4  state court, fail to pass through the § 2254(d) gateway for the reasons stated by the court in its
5  June 9, 2016 Order. (*See* Doc. No. 350 at 249-84); *see also Frye*, 2015 WL 300755, at *41.

6  Finally, petitioner argues that the court erred in denying a COA for these penalty phase
7  claims because reasonable jurists could debate whether counsel's allegedly deficient penalty
8  defense caused cumulative prejudice under *Strickland*. However, the court previously rejected
9  these allegations. (*See* Doc. No. 350 at 247-90.) These claims, fully adjudicated in state court,
10 fail to pass through the § 2254(d) gateway for the reasons stated by the court in its June 9, 2016
11 Order. (*Id.*); *see also Frye*, 2015 WL 300755, at *41.

12 For the reasons stated, petitioner has not demonstrated the court erred in determining that
13 he has not made a substantial showing of the denial of a constitutional right, i.e., that reasonable
14 jurists could debate denial of these claims and a COA for them.

15 **C.  Conclusions**

16 Petitioner's Rule 59(e) motion to alter or amend the June 9, 2016 judgment by granting or
17 conducting further proceedings on claim C2 shall be denied for the reasons discussed above and
18 in the June 9, 2016 Order. He does not argue newly discovered evidence or intervening change in
19 controlling law and he has not demonstrated that the court committed clear error of law or fact, or
20 manifest injustice in denying this claim following limited evidentiary hearing. *See Teamsters*,
21 282 F.R.D. at 220-21, 231.

22 Petitioner's Rule 59(e) motion to alter or amend the June 9, 2016 judgment by expanding
23 the COA to include claims I1-I12, I14-I17, W1 and W3-W9 shall be denied for the reasons
24 discussed above and in the June 9, 2016 Order. S*ee also Turner v. Calderon*, 281 F.3d 851, 865
25 (9th Cir. 2002) (*quoting Slack*, 529 U.S. at 484) ("[W]here a district court has rejected
26 constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists
27 would find the district court's assessment of the constitutional claims debatable or wrong.").

28 Petitioner's reconsideration motion does not suggest reasonable jurists would disagree

with the court's resolution of these claims and COA or conclude these claims deserve encouragement to proceed further with issuance of a COA. *Cf., Miller-Ell*, 537 U.S. at 327 (COA issued upon substantial evidence of *Batson v. Kentucky* [476 U.S. 79 (1986)] violation).

## IV. ORDER

Accordingly, it is hereby ORDERED that petitioner's motion (Doc. No. 352) seeking Rule 59(e) reconsideration of this court's June 9, 2016 judgment upon memorandum and order dismissing without prejudice unexhausted allegations, denying claim C2 following limited evidentiary hearing, denying further record expansion and evidentiary hearing, denying record based claims A, B, and D through FF, denying the amended petition for writ of habeas corpus and issuing a COA for claims C2, I13, L (L1-L4) & W2 (*see* Doc. Nos. 350 & 351) is DENIED.

IT IS SO ORDERED.

Dated: **August 30, 2016**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

11